

# SUPREME COURT OF MISSOURI

## en banc

| | | |
|---|---|---|
| WANDA MAYES, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| v. | ) | No. SC93012 |
| | ) | |
| SAINT LUKE'S HOSPITAL OF | ) | |
| KANSAS CITY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

consolidated with

| | | |
|---|---|---|
| WANDA MAYES, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| v. | ) | No. SC93254 |
| | ) | |
| SAINT LUKE'S HOSPITAL OF | ) | |
| KANSAS CITY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

APPEALS FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Charles H. McKenzie, Judge
The Honorable John M. Torrence, Judge

*Opinion issued May 27, 2014*

The family of Ira Mayes (plaintiffs) appeals the judgments of the trial court

dismissing two actions they brought against Dr. Richard Stuart, Mid-America Heart &

Lung Surgeons, P.C.,[1] and Saint Luke's Hospital of Kansas City (defendants). In 2010, the plaintiffs filed wrongful death and lost chance of recovery claims against defendants arising out of Mr. Mayes' death (case #1). They voluntarily dismissed case #1 but within days refiled the same claims (case #2). The trial court dismissed case #2 for failure to file health care affidavits required by section 538.225.[2] The plaintiffs refiled their petition a third time (case #3), along with the required affidavits, but the trial court dismissed case #3 for being barred by the statutes of limitations.[3] The plaintiffs appeal the judgments in case #2 and case #3. Because the plaintiffs challenge the validity of a statute of this state, this Court has jurisdiction. Mo. Const. art. V, sec. 3.

On appeal of case #2, the plaintiffs assert the trial court erred in dismissing their case for failure to file health care affidavits because section 538.225 violates the "open courts" guarantee in article I, section 14 of the Missouri Constitution and their right to a trial by jury under article I, section 22(a) of the Missouri Constitution and because the plaintiffs substantially complied with section 538.225 so as to meet the statute's intent. Because the plaintiffs failed to preserve their constitutional challenges to section 538.225 and because they failed to show substantial compliance, the trial court's judgment dismissing case #2 is affirmed.

_____

[1] Mid-America is Dr. Stuart's employer.
[2] Unless otherwise indicated, all references are to RSMo Supp. 2013.
[3] Two statutes of limitations apply to plaintiffs' action. A three-year statute of limitation applies to plaintiffs' wrongful death claims, section 537.100, RSMo 2000, and a two-year statute of limitations period applies to plaintiffs' lost chance of recovery claim, section 516.105.

On appeal of case #3, the plaintiffs assert the trial court erred in dismissing the case under the statutes of limitations because application of the statutes of limitations violates the "open courts" guarantee in article I, section 14 of the Missouri Constitution and their right to a trial by jury under article I, section 22(a) of the Missouri Constitution. Because the trial court correctly applied the statutes of limitations in finding that the claims in case #3 were time barred, the trial court's judgment in case #3 is affirmed.

## Factual and Procedural Background

In March 2008, Dr. Stuart performed a same-day surgical procedure on Mr. Mayes at Saint Luke's to remove a sternal wire from a prior aortic valve replacement surgery. This procedure left an open wound in Mr. Mayes' chest. An infection developed at Mr. Mayes' wound site and spread to his heart. Mr. Mayes died March 28, 2008.

On March 4, 2010, the plaintiffs – Mr. Mayes' wife and five children – filed case #1 against defendants, alleging wrongful death and lost chance of recovery claims. In addition to the wrongful death and lost chance of recovery claims, the plaintiffs pleaded several "constitutional objections" to various statutes relating to medical malpractice actions, including asserting that the requirements in section 538.225 violated their rights under the "open courts" and trial by jury provisions of the Missouri Constitution.[4] Despite their objections to the affidavit requirement in section 538.225, the plaintiffs timely filed a separate health care affidavit for each defendant in compliance with the

_____

[4] The legal file does not include a full copy of the petition in case #1, but the trial court found that case #1 was "an identical lawsuit" to case #2.

3

statute. The affidavits stated they had obtained a written opinion from Dr. Richard Berg, their expert witness.[5] Dr. Berg was deposed during the discovery phase of case #1.

On August 26, 2011, the plaintiffs voluntarily dismissed case #1 without prejudice but, on August 31, 2011, they filed case #2, asserting the same claims and constitutional objections. The plaintiffs did not file health care affidavits in case #2, however. In either June or July of 2012, counsel for Saint Luke's noticed that no health care affidavits were filed in case #2 and informed the plaintiffs' counsel. On August 29, 2012, defendants jointly moved to dismiss case #2 due to the plaintiffs' failure to file the required health care affidavits. The plaintiffs filed a motion to strike the motion to dismiss as untimely and suggestions in opposition to the motion to dismiss. In their suggestions, the plaintiffs again asserted that the motion to dismiss was untimely and further asserted that they had complied with section 538.225 by filing the required affidavits within 90 days of the filing of the petition in case #1 because counsel for the defendants had agreed "to carry forth the original suit into this refiled suit." A hearing was held on these motions. In its judgment entered October 24, 2012, the trial court found that "the parties agreed that the discovery conducted in the prior lawsuit was to be used in [case #2] – including the

---

[5] Specifically, Dr. Berg's written opinion stated that the defendants failed to use such care that a reasonable, prudent and careful health care provider would have used under similar circumstances and that such failure directly caused or contributed to cause the damages claimed in the plaintiffs' petition.

deposition testimony of Dr. Berg."[6]   The trial court dismissed case #2 without prejudice because dismissal was required under section 538.225 for failure to file the health care affidavits.

The plaintiffs then filed a motion to reconsider and temporarily set aside the order of dismissal,[7] asserting for the first time that they substantially had complied with section 538.225.  A hearing was held during which counsel for the plaintiffs stated that he recognized that it was an imposition to ask the Court to reconsider the plaintiffs' "whole new brief dealing with a doctrine called substantial compliance."  The trial court responded that it was not an imposition and that counsel would be "heard fully," indicating the court's intention to consider the merits of the plaintiffs' substantial compliance claim.  At the end of his argument regarding the motion to reconsider, counsel for plaintiff referenced the plaintiffs' petitions and stated:

> My client's right to a trial by jury is guaranteed by Article I, Section 22 (a) of the Missouri constitution.  And I think this strict application of the affidavit of merit statute so in effect to apply a ruling with prejudice – a dismissal with prejudice I think would violate my client's [sic] right to trial by jury as guaranteed under the Missouri constitution, and also right to open courts and a certain remedy for every injury which is guaranteed by Article I, Section 14 of the constitution of Missouri.

---

[6] The exact language of the agreement is unknown.  The defendants described it as an "informal" agreement.  Because no written agreement was admitted in evidence, it is inferred that it was an oral agreement.

[7] While the parties refer to this motion as a motion for reconsideration, a motion for reconsideration is not recognized by the Missouri rules.  *See St. Louis Cnty. v. Prestige Travel, Inc.*, 344 S.W.3d 708, 712 (Mo. banc 2012).  The plaintiffs' motion seeks to invoke Rule 75.01, which authorizes a trial court to "vacate, reopen, amend, or modify its judgment."  Plaintiffs prayed for the court to temporarily set aside or vacate its order of dismissal.  Accordingly, this Court will refer to plaintiffs' motion as a motion to vacate.

5

Counsel for Saint. Luke's objected to this first attempt to suggest a constitutional challenge to the dismissal. The trial court overruled the motion, and the plaintiffs appealed.

On October 30, 2012, before filing the notice of appeal in case #2, the plaintiffs filed case #3 with the same allegations and claims as in cases #1 and #2.[8] They also filed health care affidavits against each defendant. Defendants moved to dismiss case #3 on the ground that it was barred by the statutes of limitations.[9] The trial court entered judgment sustaining their motions and dismissing case #3. It found that the plaintiffs' claims accrued upon the March 28, 2008 death of Mr. Mayes, and that the three-year statute of limitations period for wrongful death claims and two-year statute of limitations period for lost chance of recovery claims had expired before case #3 was filed. The plaintiffs appealed case #3. The Court heard oral arguments of the two appeals together and, because they present related legal issues, the cases are consolidated for opinion.

## Final, Appealable Judgment in Case #2

As a preliminary matter, the Court will address Saint Luke's claim that there is no final, appealable judgment in case #2. Generally, a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *Mahoney v. Doerhoff Surgical Servs.,*

---

[8] In their motion to vacate the order of dismissal in case #2, the plaintiffs sought to consolidate case #3 with case #2, but the trial court denied the request when it overruled the motion.

[9] Unlike the joint motion to dismiss in case #2, the defendants filed separate motions to dismiss case #3 – one filed on behalf of Dr. Stuart and Mid-America and the other filed on behalf of Saint Luke's. Both motions were based on the statutes of limitations.

6

*Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). An exception exists "[w]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely." *Id.* When the party elects not to plead further and stands on the original pleadings, the dismissal without prejudice is considered a final and appealable judgment. *Id.* In *Mahoney*, this Court held a dismissal without prejudice under section 538.255 was final and appealable. *Id.*

Like *Mahoney*, the plaintiffs' petition in case #2 was dismissed without prejudice under section 538.225 for their failure to file a health care affidavit. Saint Luke's asserts that, unlike in *Mahoney*, the plaintiffs elected not to stand on their original petition by filing another petition in case #3 before filing a notice of appeal in case #2. When a party elects to file another petition after a dismissal without prejudice, generally, the dismissal is not appealable. *Getz v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. App. 2013); *Cramer v. Smoot*, 291 S.W.3d 337, 339 (Mo. App. 2009).

Despite the fact that the plaintiffs filed a new petition, they were not able to proceed on those new pleadings. The plaintiffs' wrongful death claims had to be filed within three years after the cause of action accrued, which was March 28, 2008, the date of Mr. Mayes's death. *See* section 537.100, RSMo 2000. By the time the trial court entered its judgment dismissing case #2 without prejudice on October 24, 2012, the three-year statute of limitations in section 537.100 for wrongful death claims already had run. Likewise, the two-year statute of limitations in section 516.105 for the lost chance of

7

recovery claim had expired. *Markham v. Fajatin*, 325 S.W.3d 455, 460 (Mo. App. 2010). As a result, the trial court dismissed case #3.

On appeal, the plaintiffs do not contend that case #3 was timely filed under the savings provisions in section 516.230 and 537.100. Instead, they assert only that the requirements for filing health care affidavits in sections 516.230 and 537.100 are constitutionally invalid. Re-filing case #3 did nothing to cure the defect that the plaintiffs assert, and doing so was not necessary to allow appellate review of their constitutional claims. *See Basye v. Fayette R-III Sch. Dist. Bd. of Educ.*, 150 S.W.3d 111, 115 (Mo. App. 2004). "If the dismissal was such that a refiling [sic] of the petition at that time would be a futile act, then the order of dismissal [without prejudice] is appealable." *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo. App. 1985). Accordingly, the dismissal of case #2 was a final and appealable judgment.[10]

## Constitutional Claims Not Preserved

The plaintiffs assert the trial court erred in dismissing case #2 for a failure to file health care affidavits because the affidavit requirement in section 538.225 violates their rights under the Missouri Constitution to open courts and a trial by jury. The defendants respond that these claims were not preserved properly in the trial court because the plaintiffs did not raise these arguments when faced with a motion to dismiss. To raise a constitutional challenge properly, the party must:

---

[10] Additionally, the trial court's judgment dismissing case #2 complied with Rule 74.01 because it was a writing signed by the judge and denominated "judgment."

(1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*United C.O.D. v. State*, 150 S.W.3d 311, 313 (Mo. banc 2004). The purpose of this rule is "to prevent surprise to the opposing party and permit the trial court an opportunity to fairly identify and rule on the issue." *Winston v. Reorganized Sch. Dist. R-2, Lawrence Cnty, Miller*, 636 S.W.2d 324, 327 (Mo. banc 1982).

The plaintiffs complied with the first two requirements by filing a petition in case #2 that contained a section labeled "Constitutional Objections" in which the plaintiffs identify the specific constitutional provisions by challenging the health care affidavit requirement in section 538.225 as violating their right to a trial by jury, guaranteed by article I, section 22(a) of the Missouri Constitution, and their rights to "open courts and a certain remedy for every injury," guaranteed by article I, section 14 of the Missouri Constitution. This section of the plaintiffs' petition included numerous other constitutional challenges to section 538.225 and several other statutes.[11] Other than pleading the facts of the case generally, however, there is no statement of facts in the section raising the constitutional objections.

The defendants primarily challenge preservation based on the fourth requirement for preservation – that the constitutional question must be preserved throughout the

---

[11] The plaintiffs also challenged section 538.225 as a violation of the separation of powers doctrine and the provision in article V, section 5 of the state constitution governing the legislature's annulment or amendment of court rules.

9

proceeding. The defendants are correct that, when they filed a motion to dismiss for failure to file health care affidavits, the plaintiffs failed to raise their constitutional objections. Rather, the plaintiffs' suggestions in opposition to the defendants' motion argued that they had complied with section 538.225 and that the motion to dismiss was untimely.

Even after the trial court had sustained the motion to dismiss and dismissed case #2, the plaintiffs filed a motion to vacate without asserting any constitutional grounds. The plaintiffs only orally raised the constitutional issues to the trial court during a hearing on the motion to vacate that claimed substantial compliance with section 538.225. After dedicating most of his oral argument to the doctrine of substantial compliance, counsel for the plaintiffs stated in three sentences that application of the affidavit requirement violated his clients' rights to open courts and a certain remedy for every injury and trial by jury. Counsel did not cite any supporting cases or otherwise elaborate on these constitutional arguments. The plaintiffs' attempt to raise constitutional arguments at that time was objected to by counsel for Saint Luke's as waived because the claims were not timely raised. The record does not show that the trial court considered or ruled on the plaintiffs' constitutional claims when it exercised its discretion to consider their untimely claim of substantial compliance.

On appeal, the plaintiffs argue the trial court erred in dismissing their case because section 538.225 violates their constitutional rights. The record shows that the trial court did not have the opportunity to consider these constitutional claims when ruling on the

10

defendants' motion to dismiss because the plaintiffs neglected to raise them.  The requirements for preserving constitutional issues for appeal are in place "to permit the trial court an opportunity to fairly identify and rule on the issue."  *Land Clearance for Redevelopment Auth. of Kansas City, Missouri v. Kansas Univ. Endowment Ass'n*, 805 S.W.2d 173, 175 (Mo. banc 1991).  This requirement is not limited to constitutional questions because Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, [to] make[] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor."  Failure to do so constitutes a waiver of the objection.  *See Pollard v. Whitener*, 965 S.W.2d 281, 291 (Mo. App. 1998); *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535 (Mo. App. 1981).  "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question."  *Neiderkorn*, 616 S.W.2d at 535.

To give the court an opportunity to rule on the issue, a party must make a timely objection or request, which is one "made when the occasion for the ruling desired first appears."  *Brown v. Thomas*, 316 S.W.2d 234, 237 (Mo. App. 1958).  Here, the occasion for the plaintiffs' desired ruling regarding the constitutional validity of section 538.225 first appeared when the trial court was ruling on defendants' motion to dismiss pursuant to section 538.225.  When the trial court was considering the motion, it did not have an opportunity to fairly identify and rule on the claims that section 538.225 is unconstitutional because the plaintiffs failed to present these claims to the court.  In their

11

suggestions in opposition, the plaintiffs submitted to the trial court other bases to overrule defendants' motion, but they are not the ones now argued by the plaintiffs. Opposing the defendants' motion to dismiss, in and of itself, is insufficient to raise a claim of error with the trial court's ruling on the motion; the party also must present the specific basis for such opposition. *See Pollard*, 965 S.W.2d at 289 (finding a party not only must make a timely objection but also must state the grounds for the objection). By not asserting the claims in their response to the defendants' motion to dismiss, the plaintiffs failed to preserve for appeal the issues of whether section 538.225 violates their constitutional rights to access to open courts and to a trial by jury.

While the plaintiffs previously asserted constitutional objections in their petition, the statements in the petition alone were insufficient to raise these constitutional claims. The petition, which was filed almost a year before the defendants' motion to dismiss, contained a multitude of constitutional challenges and only conclusory statements that various statutes were unconstitutional without any application to the facts of this case. When asserting a constitutional claim, the party must "state the facts showing the [constitutional] violation." *United C.O.D.*, 150 S.W.3d at 313. The plaintiffs' petition does not state facts showing that section 538.225 violates their constitutional rights or otherwise demonstrate how the statute is unconstitutional. Moreover, issues not presented to the trial court, even if pleaded in the petition, are not preserved for review. *See Pilgrim Evangelical Lutheran Church of Unaltered Augsburg Confession of St. Louis, Mo. v. Lutheran Church-Missouri Synod Foundation*, 661 S.W.2d 833, 840 (Mo.

12

App. 1983). The constitutional objections in the petition, therefore, do not preserve the plaintiffs' claims for review when the plaintiffs failed to assert them in their response to the motion to dismiss.[12]

Nor was the plaintiffs' failure to preserve remedied by their counsel's brief remarks regarding the constitutional claims during the hearing on the motion to vacate. "'An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal.'"[13] *Hollis v. Blevins*, 926 S.W.2d 683, 684 (Mo. banc 1996) (quoting *Land Clearance*, 805 S.W.2d at 176). Because the plaintiffs asserted their constitutional challenges only in a hearing on a post-judgment motion, rather than presenting them to the court in their response to the motion to dismiss, their claims are not preserved for review.[14]

---

[12] Mid-America and Dr. Stuart argue that the plaintiffs failed to comply with the requirement that constitutional issues be raised early in accordance with "good pleading and orderly procedure." *See Callier v. Dir. of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989). They assert that the constitutional objections in the petition were "anticipatory" or "conditional" because the action would be dismissed under section 538.225 only if the plaintiffs failed to file health care affidavits within 90 days. They conclude, therefore, that the plaintiffs did not raise their claims at the earliest opportunity in accordance with good pleading and orderly procedure. Because the plaintiffs failed to preserve their constitutional questions throughout their case, this Court need not address this issue.

[13] If the plaintiffs even had raised the constitutional claims in their motion to vacate, the trial court might have exercised its discretion to consider the constitutional claims like it did the untimely claim of substantial compliance.

[14] In discussing the preservation requirements, the plaintiffs cite to *St. Louis County v. Prestige Travel*, in which this Court stated that, to preserve a constitutional question for review, the question must be "'preserved in the motion for new trial, if any; and, it must be adequately covered in the briefs.'" 344 S.W.3d at 713 (quoting *In re H.L.L.*, 179

Notwithstanding their failure to preserve the claims, the plaintiffs ask this Court to consider the merits of their constitutional claims because they are well developed in the parties' briefs and are unlikely to be reviewable in another case. The plaintiffs fail to provide support for this Court's authority to review unpreserved constitutional claims on this basis, and it declines to do so here.

Alternatively, the plaintiffs ask this Court to review their unpreserved claims for plain error. This Court has discretion to review unpreserved claims for plain error. *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 808-09. Plain error review, however, rarely is granted in civil cases. *St. Louis Cnty. v. River Bend Estates Homeowners' Ass'n*, 408 S.W.3d 116, 125 n.6 (Mo. banc 2013). The Court will review an unpreserved point for

---

S.W.3d 894, 897 (Mo. banc 2005)). The plaintiffs argue that because they raised their constitutional claims in their post-judgment motion and have briefed them, their claims are preserved. There are cases from this Court in which the preservation requirements are listed as follows: (1) raise the claim at the earliest possible opportunity; (2) specify the relevant constitutional sections; (3) preserve the claim in a motion for a new trial; and (4) cover the claim adequately in the briefs. *See id. See also In re H.L.L.*, 179 S.W.3d at 897; *State v. Flynn*, 519 S.W2d 10, 12 (Mo. 1975); *Barnes v. Anchor Temple Ass'n*, 369 S.W.2d 192, 194 (Mo. 1963); *City of St. Louis v. Butler Co.*, 219 S.W.2d 372, 376 (Mo. banc 1949). The requirements that a claim be raised in a motion for a new trial and adequately covered in the party's brief stem from the longstanding requirement that constitutional questions, once raised, be preserved and "kept alive" throughout a case. *See Red Sch. Dist. No. 1 of St. Charles Cnty. v. West Alton Sch. Dist. No. 2 of St. Charles Cnty.*, 159 S.W.2d 676, 677 (Mo. 1942); *California Special Road Dist. v. Bueker*, 248 S.W.927, 927 (Mo. 1923). *See also State v. Brookshire*, 325 S.W.2d 497, 500 (Mo. 1959). To keep a constitutional question alive, it must be raised in a motion for a new trial, if such motion is made, and adequately covered in the party's brief. These steps, however, do not dispense of the duty to "preserve the constitutional question throughout" the case. *See United C.O.D.*, 150 S.W.3d at 313. *See* also *Callier*, 780 S.W.2d at 640; *Witt v. City of Webster Groves*, 383 S.W.2d 723, 725 (Mo. 1964); *Parsons v. Harvey*, 221 S.W. 21, 23 (Mo. 1920).

14

plain error only if there are "substantial grounds for believing that the trial court committed error that is evident, obvious and clear" and where the error "resulted in manifest injustice or miscarriage of justice." *C.M.B.R.*, 332 S.W.3d at 809 (internal quotations omitted); Rule 78.08.

The alleged error is the trial court's dismissal of case #2 under section 538.225 for the plaintiffs' failure to file health care affidavits. Section 538.225.6 states that a trial court "shall, upon motion of any party, dismiss the action" if affidavits have not been filed. Because no affidavits were filed in case #2, the trial court dismissed the action as section 538.225 directs the court to do. If there was any error in applying section 538.225, such an error is not evident, obvious or clear when the trial court followed the requirements in a statute that has not been declared unconstitutional. This Court declines to review the plaintiffs' claims for plain error.

Saint Luke's asserts that the plaintiffs' failure to preserve the constitutional issues means this Court does not have jurisdiction over the appeal under article V, section 3 of the Missouri Constitution. When a real and substantial constitutional question is raised, this Court has jurisdiction to determine it. Mo. Const. art. V, sec. 3; *Glass v. First Nat. Bank of St. Louis, N.A.*, 186 S.W.3d 766, 766 (Mo. banc 2005). One indication that a claim is real and substantial is if it is one of first impression with this Court. *Rodriquez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 52 (Mo. banc 1999). Here, the plaintiffs' appeal raises the issues of whether section 538.225 violates their constitutional rights to open courts or to a trial by jury. Because this Court has not addressed these issues in the

15

context of the current version of section 538.225, the plaintiffs present real and substantial constitutional questions.[15] Once the case properly invokes this Court's jurisdiction, the ultimate determination that the constitutional issue is not meritorious or that the merits of the constitutional issue should not be addressed does not retroactively deprive this Court of jurisdiction. *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011); *Rodriquez*, 996 S.W.2d at 52.

## Substantial Compliance

The plaintiffs also assert the trial court erred in dismissing case #2 because they had substantially complied with section 538.225 so as to meet its intent by filing the required health care affidavits in case #1, producing the expert disclosed in those affidavits for a deposition in case #1, and agreeing to transfer discovery conducted during case #1 to case #2. The defendants argue that the plaintiffs' substantial compliance claim, like their constitutional claims, was not preserved for review because it was not raised in the plaintiffs' response to the motion to dismiss.[16] Unlike the constitutional

---

[15] This Court has previously ruled that a prior version of section 538.225 did not violate the constitutional guarantees to a trial by jury and access to open courts. *Mahoney*, 807 S.W.2d at 509. The version of section 538.225 at issue in *Mahoney* gave the trial court discretion on whether to dismiss an action for failure to comply with the statute. Section 538.225.5, RSMo 1986.

[16] The plaintiffs contend that they raised a substantial compliance claim in their response to defendants' motion to dismiss. In their suggestions in opposition, the plaintiffs argued *actual* compliance with section 538.225. While relying on the same facts, actual compliance is a distinct legal theory from substantial compliance and supported by different authority. The fact that the plaintiffs did not raise substantial compliance until their motion to vacate is reflected in the hearing transcript when counsel for the plaintiffs

16

challenges discussed above, however, this claim was raised in the plaintiffs' motion to vacate and was adjudicated by the trial court.

Claims of error presented to or expressly decided by the trial court are preserved for review. Section 512.160, RSMo 2000. The plaintiffs' substantial compliance argument was presented sufficiently to the trial court. In their motion to vacate, the plaintiffs identified the law with respect to the substantial compliance doctrine, provided several citations to authority, and applied the law to the facts of their case. The defendants did not object to the substantial compliance argument as untimely, and the motion was set for a hearing. The hearing transcript shows that the trial court exercised its discretion to adjudicate the merits of the plaintiffs' substantial compliance claim when overruling the motion to vacate. Therefore, the plaintiffs' claim that the trial court erred in dismissing case #2 because they had substantially complied with section 538.225 was preserved and will be reviewed.

On occasion, this Court has construed certain procedural statutes and rules to find that substantial compliance with the requirements is sufficient. *See Brickell v. Kansas City, Mo.*, 265 S.W.2d 342, 344-45 (Mo. 1954); *State ex rel. Maring v. Swanger*, 111 S.W. 7, 7-8 (Mo. 1908). This Court has allowed substantial compliance under a statutory directive to construe a statute liberally or under a statute that expressly allows for substantial compliance. *Pierson v. Treasurer of State*, 126 S.W.3d 386, 388 (Mo. banc

informed the court that it had "prepared and submitted a whole new brief dealing with a doctrine called substantial compliance."

17

2004) (statutorily required to construe workers' compensation statutes liberally); *Committee for a Healthy Future, Inc. v. Carnahan*, 201 S.W.3d 503, (Mo. banc 2006) (finding deviation from statutory form was not fatal when statute stated it is sufficient to follow the form substantially); *Ginger v. Halferty*, 193 S.W.2d 503, (Mo. 1946) (allowing substantial compliance with statutory ballot form when statute stated that form may be "substantially as follows"). On the other hand, this Court has refused to allow substantial compliance where it would be contrary to the unambiguous language of a statute. *Gray v. Reorganized Sch. Dist. R-4 of Oregon Cnty*, 356 S.W.2d 55, 58 (Mo. banc 1962) (time and quantity requirements in notice statute requires actual compliance in full); *State ex Inf. Mayfield ex rel. Bradford v. Crisp*, 248 S.W.2d 664, 665 (Mo. 1952) (statute required school district director to be taxpayer who "shall have paid a state and county tax within one year preceding his . . . election"). This Court has never addressed whether substantial compliance can satisfy section 538.225's requirements, but a review of these cases and others discussing substantial compliance weighs against such a finding.

Section 538.225 provides in pertinent part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> . . .

18

6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

There is no statute directing courts to construe liberally section 538.225, and the statute lacks any language indicating that a plaintiff's affidavit may contain substantially similar information. Instead, the language regarding the affidavit requirement is unambiguous and mandatory. The plaintiff "*shall* file an affidavit with the court," and if the plaintiff fails to do so, "the court *shall*, upon motion of any party, dismiss the action." *Id.* (emphasis added). Prior to 2005, the statute stated that a court *may* dismiss the action if the plaintiff fails to file the affidavit. Section 538.225, RSMo 2000. It then was amended to require mandatory dismissal. Section 538.225. The statutory language, both in terms of directing a plaintiff to file an affidavit and directing the court to dismiss the action if an affidavit is not filed, demonstrates that the legislature intended the requirement that a plaintiff file an affidavit with the court be mandatory.

Even if this Court were to conclude that section 538.225 allows for substantial compliance, the plaintiffs' actions do not constitute substantial compliance. The plaintiffs argue that they substantially complied because they showed their claims were not frivolous by filing health care affidavits in case #1 and with Dr. Berg's deposition testimony, which was a part of the discovery in case #2. While the purpose of section 538.225 is to stop medical malpractice suits "that lack even color of merit" at an early stage, *see Mahoney*, 807 S.W.2d at 507, merely showing that this case does not violate that purpose does not amount to substantial compliance. Rather, in the cases where a

19

party was found to substantially comply, the party made an attempt – albeit a deficient attempt – to comply with the procedure. *See, e.g.*, *David v. City of St. Louis*, 69 S.W.2d 353, 355-56 (Mo. 1936) (notice to mayor that plaintiff was injured on a particular date was sufficient for notice requirement even if did not state the circumstances and character of injuries); *State ex rel. Title Guaranty & Trust Co. v. Broaddus*, 108 S.W. 544, 545-56 (Mo. 1908) (affidavit for appeal stating that affiant considered "himself" aggrieved by judgment complied with statutory requirement that affiant state that "appellant" is aggrieved); *Putnam v. Ross*, 46 Mo. 337, 338-39 (Mo. 1870) (notice of mechanic's lien listing debtors as "Ross & Shane" complied with requirement to list debtors although only Ross was a debtor). *Cf. State ex re. Scott v. Kirkpatrick*, 484 S.W.2d 161, 164 (Mo. banc 1972) (no substantial compliance with the requirement that an initiative petition contain an enacting clause when the petition contained no enacting clause). Here, the plaintiffs were required to file a health care affidavit with the trial court in case #2, but they never attempted to file an affidavit with the trial court in that case.

The plaintiffs contend they attempted to comply with section 538.225 by filing health care affidavits in case #1 and by transferring the deposition testimony of Dr. Berg to case #2. The affidavits filed in case #1 cannot constitute an attempt to comply with the affidavit requirement for case #2 because case #1 had been dismissed voluntarily. When a case is voluntarily dismissed, it is as if the case had never been filed. *White v. Tariq*, 299 S.W.3d 1, 4 (Mo. App. 2009). Therefore, any filings in a voluntarily dismissed case are treated as if they had never been filed.

Similarly, the deposition testimony of Dr. Berg does not amount to substantial compliance with section 538.225 because it was never filed with the trial court. Section 538.225 requires a party to file the required information with the court. If section 538.225 allowed for substantial compliance, a party would have to file, at the very least, the required information with the trial court. The deposition transcript is only part of the parties' discovery. It never was filed with the trial court, nor was anything filed with the court within the required time period referencing the existence of the deposition. Dr. Berg's deposition testimony does not constitute substantial compliance with section 538.225.[17]

**Case #3**

The plaintiffs also appeal the trial court's dismissal of their claims in case #3 under the statutes of limitations, claiming application of the statutes of limitations[18] to their case violates their constitutional rights to open courts and a certain remedy for every injury to a trial by jury. They argue that, because section 538.225 is unconstitutional and

---

[17] Saint. Luke's argues that Dr. Berg's deposition is also insufficient for purposes of substantial compliance because he did not state that the defendants' failure to use the required standard of care caused Mr. Mayes' death. While it may not have been stated explicitly, Dr. Berg's testimony, when considered as a whole, expresses his opinion that the defendants' breach of the standard of care ultimately caused Mr. Mayes' death.

[18] The plaintiffs' points relied on challenge only the trial court's application of section 537.100, RSMo 2000, which is the statute of limitations for their wrongful death claims. The plaintiffs' petition, however, also contained a lost chance of recovery claim, the statute of limitations for which is section 516.105, RSMo 2000. It is clear from their argument that they challenge any dismissal pursuant to a statute of limitations, regardless of whether it was based on section 537.100, RSMo 2000, or section 516.230, RSMo 2000.

21

because the plaintiffs would not have had to file case #3 if case #2 had not been dismissed under section 538.225, the trial court's application of the statutes of limitations to case #3 was unconstitutional. Despite expressing their argument in terms of the statutes of limitations, the plaintiffs' points on appeal essentially go to the constitutional validity of section 538.225.

In ruling on the defendants' motions to dismiss case #3, the trial court only considered section 537.100, RSMo 2000, which provides the applicable statute of limitations for the plaintiffs' wrongful death action. Under section 537.100, RSMo 2000, the plaintiffs' wrongful death claims expired March 28, 2011 – three years after Mr. Mayes died. The plaintiffs filed case #3 on October 30, 2012, more than a year after the statute of limitations period expired.[19] While the trial court did not cite the statute of limitations period for the plaintiffs' lost chance of recovery claim, it found the claim also was barred by the relevant statute of limitations. Section 516.105 provides that the statute of limitations period for medical malpractice claims is two years, and that period is applicable to lost chance of recovery claims. *See Markham*, 325 S.W.3d at 459. The time period in which the plaintiffs could bring their lost chance of recovery claim also had expired before they initiated case #3. The plaintiffs admit that their claims in case #3 were time-barred under sections 537.100, RSMo 2000, and 516.105.[20]

---

[19] As discussed previously, the plaintiffs could not benefit from the savings provisions in sections 516.230, RSMo 2000, and 537.100, RSMo 2000.

[20] At first blush, it seems that the circuit court's designation of the dismissal of case #2 as without prejudice, as required by section 538.225, is antithetical to the statute of

22

Nevertheless, the plaintiffs argue the trial court indirectly dismissed case #3 for their failure to file health care affidavits in case #2. But, they fail to show the trial court's authority, when applying the statute of limitations, for considering whether a previous action was dismissed unconstitutionally. Merely because the plaintiffs would not have had to file case #3 but for case #2 being dismissed under section 538.225 does not invoke section 538.225 in the dismissal of case #3. The trial court properly dismissed case #3 because, as the plaintiffs admit, their claims were filed outside the statutes of limitations.

The plaintiffs' claims of error with respect to case #3 are simply a thinly veiled attack on the court's dismissal of case #2. Generally, a party cannot attack the validity of a judgment by a collateral attack. *Reimer v. Hayes*, 365 S.W.3d 280, 283 (Mo. App. 2012). The plaintiffs can challenge the dismissal of case #2 only through a direct appeal of case #2. The plaintiffs attempt to do so, but their failure to preserve their claims precludes this Court from reviewing them. And this Court cannot review those claims in the appeal of case #3.

---

limitations barring the plaintiffs from immediately re-filing their action; however, a dismissal without prejudice does not mean that there is no bar to the re-filing of the action. Rather, a dismissal without prejudice "permits the party to bring another action for the same cause, unless the action is otherwise barred." Section 510.150, RSMo 2000. Section 510.150, RSMo 2000, recognizes that an action dismissed without prejudice otherwise might be barred. A court can properly comply with the requirement in section 538.225 that a court dismiss an action without prejudice for failure to file a health care affidavit even if the statute of limitations bars the re-filing of the action. *White*, 299 S.W.3d at 5.

**Conclusion**

The plaintiffs failed to preserve their constitutional claims in case #2 for appellate review by failing to raise them in their response to the defendants' motion to dismiss, which was when the occasion for raising the claims first appeared. Additionally, the plaintiffs fail to demonstrate that they substantially complied with section 538.225. Accordingly, this Court affirms the trial court's judgment in case #2.

The plaintiffs' points of error regarding the trial court's dismissal of case #3 challenge the constitutional validity of section 538.225, which was not at issue in the dismissal of case #3. The plaintiffs' claims in case #3 were barred by the statutes of limitations, and the trial court properly dismissed the claims under the statutes of limitations without consideration of whether the dismissal of case #2 pursuant to section 538.225 violated the plaintiffs' constitutional rights. Therefore, this Court affirms the trial court's judgment in case #3.

_____
PATRICIA BRECKENRIDGE, JUDGE

Russell, C.J., Fischer, Stith,
Draper and Wilson, JJ., concur;
Teitelman, J., dissents.

24