

# In the Missouri Court of Appeals
# Eastern District
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRIAN SCOTT LEWIS, | ) | No. ED110596 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Clark County |
| vs. | ) | |
| | ) | Honorable Rick R. Roberts |
| SARA MARIE (HARTSOCK) LEWIS, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 16, 2023 |

Introduction

Sara Marie (Hartsock) Lewis ("Mother") appeals from the trial court's judgment awarding custody and child support to Brian Scott Lewis ("Father"). Mother raises numerous points on appeal disputing the award of custody and child support for the minor children ("Children"). In her fourth point on appeal, Mother seeks plain error review of the trial court's judgment because the parenting plan failed to account for two statutorily-required holidays. Because Section 452.310.8[1] and the Supreme Court of Missouri's Parenting Plan Guidelines require specifying custody for Martin Luther King Day and Presidents' Day in the trial court's parenting plan under Section 452.375.9, the trial court's failure to specify custody for those two holidays constitutes reversible error. For that reason, we must remand this matter to the trial court with instructions to modify the judgment to address custody of the Children for those two

[1] All Section references are to RSMo (2016), unless otherwise noted.

holidays as required by statute. We affirm the remainder of the trial court's judgment. Because the remaining points on appeal lack merit, and a formal, published discussion addressing those points would serve no jurisprudential purpose, a memorandum discussing the points not covered in this opinion has been furnished to the parties pursuant to Rule 84.16(b).[2]

## Factual and Procedural History

The following facts are limited to only those issues, actions, and parties necessary to resolve the point on appeal discussed herein.

Mother and Father were married and had twins, S.L. and E.L., born June 26, 2007. Mother and Father divorced in April 2010, and the trial court awarded joint physical and joint legal custody of the Children. On May 18, 2020, Father moved to modify the original judgment, and Mother answered and filed a counter-motion to modify. A guardian ad litem was appointed for the Children, and the case proceeded to trial. During the pendency of the appeal, the parties agreed to a safety plan under which the Children would live with Father and have supervised visits with Mother.

Following trial, and upon consideration of the factors set out in Section 452.375.2, the trial court held that modification of the prior decree was necessary due to the total breakdown of communication between the parents coupled with the Children's deteriorating relationship with Mother. The trial court entered judgment (the "Modification Judgment") granting Father sole legal and sole physical custody over the Children. The trial court also entered an Amended Parenting Plan, which it adopted from Father's proposed parenting plan with some alterations. Mother did not submit a proposed parenting plan. The Amended Parenting Plan limited visitation with Mother to one two-hour visit each week. The Amended Parenting Plan did not

[2] All Rule references are to Mo. R. Civ. P. (2022).

specify custody for Martin Luther King Day or Presidents' Day. Mother moved to amend the Modification Judgment, which the trial court denied. Mother now appeals.

## Points on Appeal

Mother raises six points on appeal. Point Four claims the trial court plainly erred and misapplied the law in entering the Modification Judgment and Amended Parenting Plan because the Amended Parenting Plan violates Sections 452.375.9 and 452.310.8(1)(a)–(b) by not addressing custody of the Children on Martin Luther King Day or Presidents' Day. The remaining five points on appeal are set forth in a memorandum furnished to the parties pursuant to Rule 84.16(b).

## Standard of Review

"A decision by the court in juvenile matters is subject to the same standard of review applicable to court-tried civil cases." Int. of J.G.W., 655 S.W.3d 251, 253 (Mo. App. E.D. 2022) (internal citation omitted). We will affirm the trial court's decision in a child custody case "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." Id. (quoting Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). "The trial court's judgment is presumed valid, and the burden is on the appellant to demonstrate that it is incorrect." Id. (internal citation omitted).

However, where the alleged error is not preserved for review, we may only review the judgment for plain error. Rule 84.13(c) gives us discretion to review a judgment for plain error if we find "that manifest injustice or miscarriage of justice has resulted therefrom." Taylor v. Francis, 620 S.W.3d 308, 312–13 (Mo. App. W.D. 2021) (quoting Rule 84.13(c)). We will review "for plain error only if there are substantial grounds for believing that the trial court committed error that is evident, obvious and clear and where the error resulted in manifest

injustice or miscarriage of justice." Id. (quoting Mayes v. Saint Luke's Hosp. of Kansas City, 430 S.W.3d 260, 269 (Mo. banc 2014)).

Discussion

Point Four maintains the trial court plainly erred by failing to designate custody for Martin Luther King Day and Presidents' Day in the Amended Parenting Plan as required under Sections 452.375.9 and 452.310.8. Because the error was not raised in Mother's motion to amend the judgment, Mother seeks plain error review. See Rule 84.13(c).

Father concedes that the Amended Parenting Plan fails to address custody for Martin Luther King Day and Presidents' Day. Missouri courts have repeatedly held that "[t]he circuit court 'is not free to disregard any of the enumerated events' in Section 452.310.8." Id. at 311 (quoting Wennihan v. Wennihan, 452 S.W.3d 723, 737 (Mo. App. W.D. 2015)) (finding the trial court committed reversible error in not accounting for Martin Luther King Day or Presidents' Day, among other school holidays and vacations). Section 452.310.8 requires a parenting plan account for "[m]ajor holidays" and "[s]chool holidays for school-age children[.]" Section 452.310.8(1)(a)–(b). Furthermore, although Father points out that the record lacks the Children's school schedule indicating whether they attend school on those holidays, both Martin Luther King Day and Presidents' Day "are school holidays specifically mentioned in the Missouri Supreme Court's Parenting Plan Guidelines[.]" Taylor, 620 S.W.3d at 311. The plain language of Section 452.375.9 requires the trial court to set forth a written parenting plan following Section 452.310.8. Section 452.375.9; see also In re Marriage of Murphey, 207 S.W.3d 679, 686 (Mo. App. S.D. 2006). "The failure to account for such holidays in the parenting plan constitutes reversible error." Taylor, 620 S.W.3d at 312 (quoting Wennihan, 452 S.W.3d at 737); Olson v. Olson, 559 S.W.3d 395, 399 (Mo. App. S.D. 2018); In re Marriage of Murphey, 207 S.W.3d at 686.

Because the Amended Parenting Plan did not address custody for Martin Luther King Day or Presidents' Day as statutorily required, we must find the trial court plainly erred. Further, such error impacts Mother's substantial rights as it pertains to the award of custody and visitation. See Taylor, 620 S.W.3d at 313 (quoting Mayes, 430 S.W.3d at 269). Point Four is granted.

We therefore reverse the judgment in part and remand for the trial court to modify the Amended Parenting Plan to account for Martin Luther King Day and Presidents' Day. See id. at 312 (quoting Wennihan, 452 S.W.3d at 737). On remand, the trial court need only address parenting time on those two holidays that were erroneously omitted from the Amended Parenting Plan. But "[i]n the event the trial court concludes that some adjustment is required in the time division previously allowed in order to meet [the statutory] requirements . . . the trial court may, in its discretion, make the changes it deems necessary and appropriate." Murphey, 207 S.W.3d at 686 (internal quotation omitted).

## Conclusion

The judgment of the trial court is affirmed in part and reversed and remanded in part. We reverse the judgment and remand with instructions for the trial court to designate custody for Martin Luther King Day and Presidents' Day in the Amended Parenting Plan consistent with this opinion. The trial court's judgment is affirmed in all other respects. The parties have been furnished with a memorandum discussing the remaining points on appeal whose discussion lack jurisprudential purpose pursuant to Rule 84.16(b).

Kurt S. Odenwald
KURT S. ODENWALD, Presiding Judge

Robert M. Clayton III, J., concurs.
Lisa P. Page, J., concurs.