

# In the
# Missouri Court of Appeals
## Western District

IN RE THE MATTER OF:  L.K.B.,    )
A MINOR, BY NEXT FRIEND    )
MATTHEW TIMOTHY BETHEL AND )
MATTHEW TIMOTHY BETHEL,    )
    )   **WD87070**
    Appellant,    )
    )   **OPINION FILED:**
V.    )   **NOVEMBER 26, 2024**
    )
KELSEY NICOLE SALMON,    )
    )
    Respondent.    )

**Appeal from the Circuit Court of Dekalb County, Missouri**
The Honorable Ryan W. Horsman, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Janet Sutton, Judge

Matthew Timothy Bethel[1] ("Husband") appeals from the trial court's judgment

modifying custody for L.K.B.  Husband claims the trial court erred in ordering Husband

to reimburse Kelsey Nicole Salmon ("Wife") for Husband's share of the cost for L.K.B.'s

medical and counseling treatments because reimbursement for these expenses was not

raised in Wife's motion to modify rendering the trial court's judgment void for lack of

---

[1]The judgment from which Husband's appeal is taken spells Husband's name as "Mathew."  However in Husband's brief and in Wife's brief, Husband's name is spelled as "Matthew."  As a result, we have elected to spell Husband's name as "Matthew."

subject matter jurisdiction or alternatively for violating Husband's due process rights. Finding no error, we affirm.

## Factual and Procedural Background[2]

Husband and Wife are the parents of L.K.B. and have been involved in legal disputes regarding custody, visitation, and child support since at least 2016. In September of 2019, the trial court entered a nunc pro tunc judgment "For Determination of Father-Child Relationship, Order of Child Custody and Order of Child Support" ("2019 Judgment") that, relevant to this appeal: awarded Wife sole legal and sole physical custody of L.K.B. with reasonable rights of visitation to Husband; ordered Husband to pay retroactive child support; and ordered Wife and Husband to maintain a health benefit plan and to each pay fifty percent of any health care expenses not covered by insurance. Neither Husband nor Wife appealed the 2019 Judgment.

On September 24, 2020, Husband filed a "Motion to Modify Custody and Child Support and Motion for Contempt" wherein he argued that Wife had attempted to alienate L.K.B. from Husband resulting in a change of circumstances that necessitated a modification of the 2019 Judgment. Wife filed a "Counter-Motion to Modify Visitation" on October 26, 2020, where she alleged that any contact between L.K.B. and Husband would endanger the child's physical health or impair her emotional development and requested that Husband have no contact with L.K.B. Wife later filed an "Amended

---

[2]"We view the evidence in the light most favorable to the trial court's judgment, disregarding all contrary evidence and inferences." *Sansone v. Fulton*, 679 S.W.3d 9, 10 n.1 (Mo. App. W.D. 2023) (quoting *Kaderly v. Kaderly*, 656 S.W.3d 333, 336 n.1 (Mo. App. W.D. 2022)).

Counter-Motion to Modify Visitation" which included more details supporting the allegations in her original counter-motion as well as L.K.B.'s diagnosis of PTSD.

The parties' respective modification motions were tried on December 19 and 21, 2023. The trial court issued a judgment of modification ("Judgment") on January 12, 2024. The Judgment denied Husband's motion to modify but granted Wife's and ordered Husband to have no contact with L.K.B. The Judgment noted that the trial court "makes no modifications to the current child support order and denies [Husband]'s request for child support and/or abatement of child support." The Judgment noted that the trial court had heard evidence regarding Husband's failure to pay for L.K.B.'s heart surgery and for thousands of dollars owed for his share of L.K.B.'s medical and counseling expenses. The trial court noted that there was a dispute between the parties about when Husband's obligation, as ordered in the 2019 Judgment, to pay his share of L.K.B.'s unreimbursed medical expenses began. The trial court found that the parties had orally recited their agreement and the court had orally recited its orders on the record at the June 26, 2019 hearing which preceded the 2019 Judgment and, thus, "all expenses incurred after the oral agreement and the Court['s] [*sic*] recitation of its orders shall be reimbursed, specifically all expenses since June 26, 2019." The Judgment thus ordered both parties "to support the minor child and reimburse the other for necessary medical and counseling treatments, from the time of the initial paternity hearing on June 26, 2019."

Husband filed a "Motion for New Trial or Motion to Amend Judgment of Modification in the Alternative" on February 12, 2024. In his motion, relevant to this appeal, Husband challenged the court's Judgment ordering him to reimburse Wife for

3

L.K.B.'s unreimbursed medical expenses incurred since June 26, 2019, stating "there was no monetary amount specified and the parties disagree concerning how much is owed and how much has already been paid." The trial court overruled Husband's motion on March 12, 2024.

Husband appeals.

## Standard of Review

The standard of review governing modifications is "the same as in any other court-tried case." *Sansone v. Fulton*, 679 S.W.3d 9, 13 (Mo. App. W.D. 2023) (quoting *Windsor v. Windsor*, 166 S.W.3d 623, 628 (Mo. App. W.D. 2005)). "We will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* (quoting *Harris v. Harris*, 655 S.W.3d 33, 38 (Mo. App. W.D. 2022); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "We defer to the trial court's factual findings, giving due regard to the trial court's opportunity to judge the credibility of witnesses." *Woolery v. Woolery*, 679 S.W.3d 17, 22 (Mo. App. W.D. 2023) (quoting *Frawley v. Frawley*, 637 S.W.3d 140, 147 (Mo. App. W.D. 2021)).

## Analysis

Husband raises two points on appeal, both of which claim the trial court erroneously ordered him to reimburse Wife for L.K.B.'s unreimbursed medical and counseling treatments because Wife did not seek reimbursement for these expenses in her counter-motion to modify. In Point One, Husband claims that the Judgment is void because the trial court was without subject matter jurisdiction to address the

4

reimbursement of medical and counseling expenses. In Point Two, Husband claims that the Judgment is void because he had no notice that the trial court would be addressing the payment of medical and counseling expenses in violation of his right to due process. Finding no error, we affirm.

***The trial court had subject matter jurisdiction to enter the Judgment  (Point One)***

In his first point, Husband argues that "[b]ecause [Wife]'s Counter-Motion to Modify did not seek reimbursement, the trial court lacked the authority to render a judgment on reimbursements and thus lacked subject matter jurisdiction thereby misapplying the law." Husband's argument is fundamentally flawed.

"Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdiction–and there are only two for the circuit courts–are based upon constitutional principles." *Kronk v. Awan*, 694 S.W.3d 535, 542 (Mo. App. W.D. 2024) (quoting *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009)). "Subject matter jurisdiction is the 'court's authority to render a judgment in a particular category of case.'" *Mandacina v. Pompey*, 634 S.W.3d 631, 643 (Mo. App. W.D. 2021) (quoting *Webb*, 275 S.W.3d at 253). The subject matter jurisdiction of circuit courts in Missouri is set forth in plenary terms in Article V, section 14 of the state constitution which "provid[es] that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.'" *Kronk*, 694 S.W.3d at 542 (quoting *Webb*, 276 S.W.3d at 253-54).

Here, the parties' counter-motions to modify were filed in a civil action over which the trial court plainly had subject matter jurisdiction. The trial court did not lose subject

5

matter jurisdiction over the civil action merely because the Judgment included reference to when Husband's obligation to reimburse medical expenses, as ordered in the 2019 Judgment, began despite the fact this topic was not raised as an issue in Wife's counter-motion to modify the 2019 Judgment. *See Webb*, 275 S.W.3d at 254 (finding on the issue of subject matter jurisdiction that "[a]pplying this principle to the present case makes simple the task of determining jurisdiction: The present case is a civil case. Therefore, the circuit court has subject matter jurisdiction and, thus, has the authority to hear the dispute" and the power to render a judgment that binds the parties). At most, the trial court's inclusion of an order in the Judgment that exceeds the scope of the parties' counter-motions to modify could constitute trial court error. *Id.* (explaining that the concept of jurisdictional competence relates to a trial court's authority, but not to its subject matter jurisdiction, and could include situations where "there is no question as to the court's authority to decide the general issue before it, but there is a question whether the issue or parties affected by the court's judgment are properly before it for resolution at that time" or where a court "has proceeded beyond the allegations of the pleadings and the prayer for relief").

Husband argues only that the trial court lacked subject matter jurisdiction to enter the Judgment; a position that is plainly without merit.[3]

---

[3]Though Husband did not separately argue that the trial court committed error because it lacked the authority to order him to reimburse expenses because that issue was not raised in Wife's motion to modify, we note that the Judgment did no more than confirm the date upon which Husband's previously ordered duty to reimburse for his share of L.K.B.'s medical and counseling expense began. The 2019 Judgment, which was not appealed by Husband, is the source of Husband's obligation to reimburse for

6

Point One is denied.

***Husband's due process argument is not preserved for our review  (Point Two)***

In his second point, Husband argues that including an order regarding the reimbursement of medical expenses in the judgment violated Husband's constitutional due process right to notice because Wife did not plead the issue of reimbursement and Husband "could not have known the issue of reimbursements was to be a trial topic." Husband's argument, however, is not properly preserved for our review.

"We must address the issue of preservation as a threshold matter to appellate review." *Hays v. Dep't of Corr.*, 690 S.W.3d 523, 526 (Mo. App. E.D. 2024) (citation omitted).  In order for Husband to have preserved his constitutional challenge, he must have:

> (1) raise[d] the constitutional question at the first available opportunity; (2) designate[d] specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state[d] the facts showing the violation; and (4) preserve[d] the constitutional question throughout for appellate review.

*Williams v. Williams*, 669 S.W.3d 161, 167 (Mo. App. E.D. 2023) (quoting *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 266 (Mo. banc 2014)).

---

medical expenses.  We also note that Husband filed a post-trial motion asking the trial court to amend its Judgment wherein husband argued that the Judgment failed to specify exactly what Husband owed in unreimbursed medial expenses and failed to determine what Husband had already paid.  Husband's post-trial motion is in diametric opposition to his contention on appeal that the trial court had no subject matter jurisdiction to address L.K.B.'s unreimbursed medial and counseling expenses in the Judgment and suggests, consistent with findings in the Judgment, that the parties addressed the subject of when Husband's reimbursement obligation began during trial.

7

Husband claims that his due process argument was preserved in his post-trial motion for a new trial or to amend the judgment. In his motion, Husband argued only that "there was no monetary amount specified [for the reimbursement] and the parties disagree concerning how much is owed and how much has already been paid." Husband's post-trial motion does not allege that the trial court should not have addressed the issue of reimbursements at all, let alone because of due process concerns, and ironically argues the opposite—that the Judgment did not go far enough in addressing the subject of Husband's reimbursement obligation. Husband's post-trial motion did not raise the constitutional concern presented on appeal and did not preserve that issue for our review. *See id.*

Moreover, even had Husband's post-trial motion raised his due process concern, which it did not, we would not find that Husband raised his due process concern at the first available opportunity. The Judgment found that the parties presented evidence and argument at trial on the subject of Husband's reimbursement obligation; a finding Husband does not challenge. Yet, Husband has not included a trial transcript in the record on appeal as required by Rule 81.12(c).[4] As such, we cannot determine whether Husband objected at trial to the admission of evidence and argument on the subject of his reimbursement obligation at all let alone based on an argued due process violation. Without the trial transcript, the record is devoid of any evidence that Husband presented his due process argument to the trial court "at the first available opportunity." *See*

---

[4]All Rule references are to *Missouri Court Rules, Volume 1 -- State, 2023* unless otherwise noted.

*Williams*, 669 S.W.3d at 167 (internal quotation omitted); *and see Pickett v. Bostwick*, 667 S.W.3d 653, 662 (Mo. App. W.D. 2023) (quoting *Equity Tr. Co. v. Givhan*, 604 S.W.3d 921, 922 (Mo. App. W.D. 2022)) (finding that without a transcript "we lack the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion"). Husband has failed to demonstrate that his due process challenge is preserved for appellate review. *See J.W. by K.C.G. v. N.R.W.*, 695 S.W.3d 231, 242 (Mo. App. W.D. 2024) (quoting *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014)) ("[a]n issue that was never presented to or decided by the trial court is not preserved for appellate review").

Point Two is denied.[5]

---

[5]Wife filed a "Motion to Dismiss for Failure to Comply with Supreme Court Rules and Suggestions in Support Thereof" requesting that we dismiss Husband's appeal for failing to properly preserve the arguments in his points relied on and for failing to file a transcript pursuant to Rule 81.12. Wife's motion is denied as moot.

9

## Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur