

# SUPREME COURT OF MISSOURI
# en banc

PAUL M. LANG and ALLISON M. BOYER )
)
   Appellants, )
)
v. )  No. SC94814
)
DR. PATRICK GOLDSWORTHY, ET AL., )
)
   Respondents. )
)

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY**
The Honorable Charles H. McKenzie, Judge

*Opinion issued October 13, 2015*

The issue on appeal here is whether the trial court erred in granting a motion to dismiss a wrongful death action alleging medical negligence pursuant to section 538.225[1] because no health care affidavit was filed in the case. Plaintiffs argue that the affidavit requirement of the statute is unconstitutional because it arbitrarily bars their case from proceeding in violation of the "open courts" doctrine and the right to a jury trial. MO. CONST. art. I, secs. 14, 22(a). Although Plaintiffs had in their possession a compliant affidavit that they had filed in their first cause of action, they did not refile it in their second after voluntarily dismissing their first suit. Because the trial court properly

---

[1] Unless otherwise indicated, all statutory references are to RSMo Supp. 2013.

1

sustained Defendants' motion to dismiss for failure to comply with the requirements of section 538.225, the dismissal without prejudice is affirmed.[2]

## Factual Background

Family members (Plaintiffs) filed a wrongful death action alleging that the negligent chiropractic services of Dr. Patrick Goldsworthy, Dr. Aston Goldsworthy, and Patrick L. Goldsworthy (Defendants) caused the death of Michael Lang, their relative. Plaintiffs timely filed an affidavit stating that they obtained the written opinion of a qualified health care provider in support of their claims as required by section 538.225. After two and a half years of litigation, Plaintiffs voluntarily dismissed that action and timely refiled an identical petition in the same court, but did not attach the affidavit to their new petition.

Defendants filed a motion to dismiss Plaintiffs' second action for failure to file the affidavit pursuant to section 538.225. In their response in opposition, Plaintiffs acknowledged that they had not filed the affidavit in the second action, but argued that section 538.225 unconstitutionally barred their access to the courts, violated their right to a trial by jury, and constituted an impermissible special law. The trial court dismissed the action without prejudice because Plaintiffs failed to file the affidavit within 180 days of filing the second action. Section 538.225. This appeal follows.

---

[2] This Court has jurisdiction pursuant to MO. CONST. art. V, sec. 3 as Plaintiffs challenge the validity of a statute of this state.

## Standard of Review

The standard of review for a trial court's grant of a motion to dismiss is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss. *In re Estate of Austin*, 389 S.W.3d 168, 171 (Mo. banc 2013). If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed. *Id.* Constitutional challenges to a statute are also issues of law that this Court reviews *de novo*. *State v. Young*, 362 S.W.3d 386, 390 (Mo. banc 2012).

## Analysis

Plaintiffs ask this Court to determine the constitutional validity of section 538.225, which provides in relevant part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> ***
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

The language of section 538.225 unambiguously requires: (1) plaintiffs to file an affidavit in medical negligence cases; and (2) trial courts to dismiss without prejudice any such

3

action if the affidavit is not filed. *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 271 (Mo. banc 2014).[3] Here, Plaintiffs' second cause of action was dismissed without prejudice for failing to timely file the health care affidavit. Due to the passage of time and the three-year statute of limitations governing wrongful death claims, they were prohibited from refiling their claims in a third suit. Section 537.100, RSMo 2000. As a result, Plaintiffs allege that section 538.225 unreasonably and arbitrarily deprives them of access to the courts and their right to a jury trial in violation of article I, sections 14 and 22 of the Missouri Constitution.[4]

The merits of these arguments do not need to be reached here. This Court will avoid deciding a constitutional question if the case can be resolved fully without reaching it. *State ex rel. SLAH, L.L.C. v. City of Woodson Terrace*, 378 S.W.3d 357, 361 (Mo. banc 2012). Plaintiffs' timely filing of an affidavit pursuant to section 538.225 in their first action against Defendants demonstrated that Plaintiffs were aware of the statute's procedural requirements. Moreover, neither party argues that the affidavit filed by Plaintiffs in the first action failed to meet any of the requirements of the statute. Had Plaintiffs stapled the affidavit already in their possession to their petition in the second

---

[3] Prior to 2005, section 538.225 provided that a trial court "may" dismiss without prejudice any action in which the plaintiff failed to file an affidavit. Sec. 538.225.5, RSMo 1986. This Court upheld the prior version of section 538.225 against a constitutional challenge in *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 508-513 (Mo. banc 1991). The statute was amended in 2005 to require mandatory dismissal. *See Mayes*, 430 S.W.3d at 271.

[4] Additionally, Plaintiffs make other constitutional arguments. They contend that section 538.225 violates their federal right to a jury trial and is an impermissible special law in violation of article III, section 40 of the Missouri Constitution.

action, they would have avoided dismissal. It was Plaintiffs' own inaction that prevented them from being able to pursue their second suit.[5]

Similarly, section 538.225 did not prevent Plaintiffs from refiling a third petition alleging their medical negligence claims after the trial court dismissed without prejudice their second action. As required by section 538.225, the trial court dismissed the second action without prejudice, which would have permitted Plaintiffs to refile their petition in a third suit along with the required affidavit. However, because the second action was not filed until nearly a year after the dismissal of the first action, Plaintiffs were prevented from filing a third action within the one-year savings provision of section 537.100. [6] Plaintiffs have not challenged the constitutional validity of section 537.100 in this appeal, nor do they argue that the statute's savings provisions should be interpreted to permit them to refile their claims. In short, section 538.225 is not the root of Plaintiffs' quandary.

---

[5] Further, Plaintiffs do not allege they were unable to comply with section 538.225, that such compliance was so unduly burdensome as to constitute a material impediment to suit, or that such compliance required an evidentiary showing that would not be a part of Plaintiffs' burden at trial. Although they stated at oral argument that no threshold showing of negligence would have been necessary to make a submissible case on their res ipsa loquitor claim, Plaintiffs did not raise this argument in the trial court or assert it in their points relied on in this Court. As such, this argument is not preserved.

[6] Section 537.100 permits a plaintiff who has "take[n] or suffer[ed] a nonsuit" to refile an action within one year of the date of the nonsuit. Plaintiffs in this action relied on this savings provision when they refiled their second action more than a year after the original limitations period had expired. It is not clear whether a savings provision like the one in section 537.100 may be used more than once. *See Mayes*, 430 S.W.3d at 266 (noting that the plaintiffs in that case did not argue that their third action was timely filed under section 537.100's savings provision). This Court does not address whether a savings statute could be used a second time by Plaintiffs in this action.

5

Plaintiffs argue that dismissal of their case under section 538.225 is arbitrary because the trial court found that their claims should be tried to a jury when it denied Defendants' motion for summary judgment in the first suit. This argument is unavailing. In the instant case, the trial court's determination in the first action that Plaintiffs' claims merited a jury trial did not alleviate Plaintiffs of the obligation to refile the affidavit in the second action. As this Court held on the strikingly similar facts in *Mayes,* section 538.225 requires plaintiffs to file an affidavit in every medical negligence action: it makes no exception for a plaintiff who previously filed an affidavit in an identical prior action. 430 S.W.3d at 271-72. Moreover, Plaintiffs' argument assumes that the discovery filed in the first action was also filed in the second, which was not true. Nothing before the trial court in the second action indicated that Plaintiffs' case was meritorious because Plaintiffs failed to refile the affidavit or any of the discovery obtained in the previous action.

Plaintiffs had up to 180 days to file their affidavit pursuant to section 538.225. Because they failed to do so, the trial court properly granted Defendants' motion to dismiss.

## Conclusion

The trial court's dismissal without prejudice is affirmed.

      _____

      Mary R. Russell, Judge


Breckenridge, C.J., Fischer, Wilson, and Stith, JJ., concur;
Teitelman, J., dissents in separate opinion filed;
Draper, J., concurs in opinion of Teitelman, J.

6



# SUPREME COURT OF MISSOURI
## en banc

PAUL M. LANG and ALLISON M. BOYER,  )
                                      )

                Appellants,        )

                                        )

vs.                                 )       No. SC94814

                                        )

DR. PATRICK GOLDSWORTHY, ET AL.,  )

                                        )

                Respondents.     )

### DISSENTING OPINION

I respectfully dissent. The circuit court dismissed Plaintiffs' petition for failure to comply with the section 538.225 affidavit requirement. Plaintiffs' argument that section 538.225 violates the open courts clause is directly before this Court. I would address Plaintiffs' argument that section 538.225 violates the "open courts" clause in article I, section 14 of the Missouri Constitution and hold that it does.

Article I, section 14 provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." An open courts violation is established upon a showing that: (1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable. *Kilmer v. Mun*, 17 S.W.3d 545, 549-550 (Mo. banc 2000).

In this case, the section 538.225 affidavit requirement arbitrarily restricted Plaintiffs from pursuing a recognized cause of action seeking compensation for the wrongful death of their loved one. The statute requires circuit courts to dismiss a case if an affidavit is not filed. The primary justification for the mandatory affidavit requirement is that it screens out non-meritorious cases. This justification fails for at least two reasons.

First, the purpose of our court system is to screen out non-meritorious cases through motions to dismiss, discovery, motions for summary judgment and trials that nearly always include expert testimony. The justification for the affidavit requirement is duplicative of the purpose of the courts and, therefore, amounts to nothing but a restriction on access to the courts.

Second, in practice, the affidavit requirement imposes considerable practical burdens on injured parties as a prerequisite to obtaining access to the courts. The necessity of an affidavit requires injured parties to scour the medical community to find a health care provider willing to criticize the actions of his or her colleagues. This effort often requires injured parties to seek out non-local providers and incur the associated costs and delays prior to bringing a claim. The affidavit requirement is, therefore, not only duplicative of the purpose of the court system, it also amounts to a considerable practical burden imposed on injured parties as a prerequisite to simply exercising their constitutional right to access the courts to seek a remedy for their injuries.

The affidavit requirement of section 538.225 violates article I, section 14 of the Missouri Constitution.  I would reverse the judgment dismissing Plaintiffs' petition for failure to file an affidavit.

_____

Richard B. Teitelman, Judge