**Doy V. RICKETTS, Appellant,**

v.

**Brenda K. RICKETTS, Respondent.**

**No. WD 62000.**

Missouri Court of Appeals, Western District.

Aug. 26, 2003.

1. All statutory references are to RSMo.2000, unless otherwise indicated.

Kevin L. Jamison, Gladstone, MO, for appellant.

Rebecca L. Leonard, Independence, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, HAROLD L. LOWENSTEIN, Judge and ROBERT G. ULRICH, Judge.

JOSEPH M. ELLIS, Chief Judge.

Doy V. Ricketts ("Husband") appeals the trial court's dismissal of his motion to

modify a Qualified Domestic Relations Order ("QDRO") previously entered in a decree of dissolution between Husband and Brenda K. Lyons ("Wife").

Husband and Wife were married on June 22, 1985. The circuit court entered a dissolution decree on April 23, 1996, dissolving the marriage. The circuit court adopted a Separation and Property Settlement Agreement entered into by the parties. The agreement, and the judgment, which was intended to be a qualified domestic relations order, provided that Husband's pension was marital property and set off a proportionate share to be paid to Wife at Husband's retirement.

Husband was injured and was forced to take early retirement. The legal file does not indicate when Husband was injured.

Husband filed a motion to modify the dissolution decree on March 7, 2002. Husband's motion, while not artfully drawn, generally sought modification of the QDRO.

Wife filed a motion to dismiss on April 15, 2002. In her motion, Wife argued that, pursuant to § 452.360.2,[1] the trial court lacked jurisdiction to modify the property settlement in the dissolution decree. Section 452.360.2 provides that "[t]he court's judgment of dissolution of marriage or legal separation as it affects distribution of marital property shall be a final judgment not subject to modification."

Oral arguments were heard on June 25, 2002. At that time, Husband presented the court with a copy of § 452.330.5, which authorizes the modification of a QDRO in limited circumstances. After hearing arguments, the circuit court granted Wife's motion to dismiss on July 11, 2002, without stating any reasons.

Husband filed a motion for rehearing on July 22, 2002. Wife filed suggestions in opposition to Husband's motion for rehearing on July 24, 2002. The trial court denied Husband's motion on July 29, 2002. Thereafter, Husband filed a motion for reconsideration. After a hearing, the trial court denied Husband's motion for reconsideration on September 24, 2002.

In his only point on appeal, Husband argues that the trial court erred in sustaining Wife's motion to dismiss because § 452.330.5 allows for modification of a QDRO.

 "When we review the circuit court's granting of a motion to dismiss, we deem the facts that are properly pleaded to be true and draw all reasonable inferences that can be deduced from them fairly." *Wells v. Wells,* 998 S.W.2d 165, 166 (Mo.App. W.D.1999). "[W]e review the petition to determine whether it invokes principles of substantive law and whether the facts alleged, if proven, would entitle the plaintiff to relief." *In re Swearingen,* 42 S.W.3d 741, 746 (Mo.App. W.D.2001). When the court does not state a reason for its dismissal, "we presume that dismissal was based on the grounds stated in each motion to dismiss and will affirm if dismissal was appropriate on any ground supported by the motions." *Duvall v. Lawrence,* 86 S.W.3d 74, 78 (Mo.App. E.D. 2002). "It also follows, of necessity, that if the motion stated no ground on which a dismissal of any of the petition counts could be predicated or if the motion did not seek that relief, then the dismissal was not effective as to those counts." *Molasky v. Brown,* 720 S.W.2d 412, 414 (Mo.App. W.D.1986).

Wife argued in her motion to dismiss that the circuit court was without jurisdiction to modify a division of marital

---

**1.** All statutory references are to RSMo 2000 unless otherwise noted.

property set forth in a dissolution decree pursuant to § 452.360.2. To support her argument, Wife relied on *Settles v. Settles*, 913 S.W.2d 101 (Mo.App. S.D.1995). In *Settles*, the Southern District held that a trial court's judgment modifying a dissolution decree after the judgment became final was void and dismissed the appeal. *Id.* at 103–04. The *Settles* case did not involve a QDRO, and thus did not address the applicability of § 452.330.5.

■ Contrary to Wife's contention, a trial court may modify a QDRO in two limited circumstances pursuant to § 452.330.5, " 'and it places no time limits or restrictions on the circuit court as to when this can be done.' " *Miles v. Miles*, 43 S.W.3d 876, 879 (Mo.App. W.D.2001) (quoting *Wells*, 998 S.W.2d at 168). Section 452.330.5 provides:

> The court's order as it affects distribution of marital property shall be a final order not subject to modification; provided, however, that orders intended to be qualified domestic relations orders affecting pension, profit sharing and stock bonus plans pursuant to the U.S. Internal Revenue Code shall be modifiable only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

■ Because the trial court did not provide a reason for its dismissal, we must presume it was based on the grounds stated in Wife's motion, and we will affirm if dismissal was proper on those grounds. *Duvall*, 86 S.W.3d at 78. It is true that § 452.360.2 generally precludes modification of a division of marital property set forth in a dissolution decree, once it becomes a final judgment. On the other hand, it is likewise correct that § 452.330.5 specifically authorizes modification of a QDRO in certain limited circumstances

and places no time limits on when such action can be taken. *Miles*, 43 S.W.3d at 879. Where one statute deals with a subject in general terms and another deals with the same subject in more specific terms, the two statutes should be harmonized if possible. *Rich v. Peters*, 50 S.W.3d 814, 819 (Mo.App. W.D.2001). "To the extent that this conflict cannot be reconciled, however, the more specific statute prevails over the general statute." *Id.* The language of § 452.330.5 reaffirms the general prohibition of modification of a decree "as it affects distribution of marital property," but then specifically and expressly authorizes modification of QDROs in the limited circumstances set forth therein. Section 452.330.5 is clearly the more specific statute, and we think that it may be read harmoniously with § 452.360.2 as an exception to the latter's general prohibition. But to the extent they are in conflict, as the more specific statute, § 452.330.5 prevails over § 452.360.2.

Consequently, the trial court erred in dismissing Husband's motion based on a finding that the court lacked jurisdiction to modify the decree pursuant to § 452.360.2. Moreover, because the case comes to us from dismissal of the petition, and the record before us is very sparse, we cannot say conclusively that Husband is not entitled to a modification of the QDRO for one of the very limited purposes set forth in § 452.330.5.

For the foregoing reasons, the trial court's dismissal of Husband's motion to modify is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

All concur.