Richard B. Teitelman, Judge
John McNeal appeals from a judgment dismissing his petition for dissolution of marriage. The circuit court initially entered an order dismissing Mr. McNeal’s petition. Mr. McNeal filed his notice of appeal directly with this Court. This Court issued an order to Mr. McNeal or *195 dering him to show cause as to why his appeal should not be dismissed for lack of a final judgment. The circuit court then entered an amended judgment of dismissal. The appeal is transferred to the Court of Appeals, Western District, because it does not involve any issue that invokes this Court’s exclusive appellate jurisdiction pursuant to article V, sectiqn 3 of the Missouri Constitution.
Article V, section 3 of the Missouri Constitution vests this Court with exclusive appellate jurisdiction in all cases involving the validity of a statute. ■ This Court’s exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue. Instead, this Court’s exclusive appellate jurisdiction is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied. Alumax Foils, Inc.v. City of St. Louis, 939 S.W.2d 907, 912 (Mo. banc 1997). The constitutional issue must be real and substantial, not merely colorable. Mayes v. St. Luke’s Hosp. of Kansas City, 430 S.W.3d 260, 270 (Mo. banc 2014).
Mr. McNeal asserts that section 491.230[1] and section 544.275 are unconstitutional because .these statutes do not grant prisoners an unconditional right to be present in court to litigate civil actions to which the prisoner is a party. Section 491.230 generally prohibits prisoners from attending a civil proceeding unless the case involves the termination of parental rights or the prisoner would .be “substantially and irreparably prejudiced” if not allowed to attend. In Call v. Heard, 925 S.W.2d 840, 846 (Mo. banc 1996), this Court held that section 491.230 ■ did not deprive prisoners of meaningful access to the courts due to the security and administrative concerns involved in transporting prisoners to and from courthouses and, most importantly, due to, “the significant alternatives to a prisoner’s .live presence at the courthouse — ” Mr. McNeal’s constitutional challenge to the validity of section 491.230 is that Call is “a joke and should be overruled.”
McNeal also asserts that section 544.275 is unconstitutional because the statute does not grant prisoners a right to be present in court to litigate a civil action. Section 544.275 provides:
When a person committed to the department of corrections is a defendant in a criminal or civil proceeding other than jury trials, or a plaintiff in a civil proceeding other than a jury trial, or the movant in a postconviction proceeding, such proceeding may in the discretion of the judge be heard within a correctional facility of the department of corrections.
Mr. McNeal’s challenge to the validity of section 544.275 is premised on the same arguments that underlie his challenge to section 491.230. The remainder of Mr. McNeal’s argument is based on his assertion that the collective impact of various court decisions and rules implemented by the Missouri Department of Corrections is to deny prisoners access to the courts. Mr. McNeal concludes that this’amounts to a resurrection of “civil death statutes” that abrogate prisoners’ civil rights.
While Mr. McNeal raises potential constitutional issues regarding the trial court’s interpretation of section' 491.230 and 544.275, Mr. McNeal does not raise a real and substantial constitutional challenge to the validity of either statute so as to invoke this Court’s exclusive appellate jurisdiction. As acknowledged in the. dissent, section 491.230 and 544.275, as well as this Court’s opinion in Call, require that prisoners be provided with significant al *196 ternatives to personal appearance in court. The dissent then concludes, correctly, that Mr. McNeal has alleged a real and substantial constitutional issue because his requests to utilize alternatives to personal appearance were denied. The alleged constitutional issue, however, is not based on the trial court’s application of the statutory requirements but is, instead, based on the trial' court’s alleged failure to apply the statutory requirements. Neither the dissent nor Mr. McNeal 'identify any provision in section 491.230 or section 544.275 that, when applied to Mr. McNeal’s case, precludéd Mr. McNeal from utilizing video technology-, -an interpreter or any other accommodation that would permit: him to participate meaningfully in his dissolution action. The alleged constitutional violation in this case is not a function of the application of statutory requirements but is, instead, a function of the trial court’s failure to apply statutory requirements. A constitutional violation resulting from the failure to apply a statute is not a challenge to the validity of the statute that invokes this Court’s exclusive appellate-jurisdiction.
The dissent also asserts that the sole reason for the dismissal was Mr. McNeal’s failure to appear. Not only is this conclusion speculative, it is irrelevant to the jurisdictional issue. Even if the trial court dismissed Mr. McNeal’s petition for failure to appear, Mr.,McNeal makes no credible assertion that any provision of any statute required such a result. Instead, as noted, the true substance of Mr. McNeal’s argument is that the trial court failed to follow the statutory requirements. This Court does not have exclusive appellate jurisdiction over this case.
Article V, section 11 of the Missouri Constitution governs situations in which this Court lacks jurisdiction over an appeal:
In' all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.
The underlying judgment was entered in Jackson County. ■Therefore,' this appeal is transferred to the Missouri Court of Appeals, Western District.
Fischer, Draper and Russell, JJ., concur; Stith, J., dissents'in separate opinion filed; Breckenridge, C.J., and Wilson, J., concur in opinion of Stith, J.

. All references to statutes are to RSMo 2000.