

# In the
# Missouri Court of Appeals
## Western District

JOHN WILLIAM McNEAL,               )
                                   )
           **Appellant,**               )   **WD79203**
                                   )
v.                                 )   **OPINION FILED:  July 12, 2016**
                                   )
SYLVIA RUTH McNEAL,                )
                                   )
           **Respondent.**              )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Kevin D. Harrell, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, James E. Welsh, Judge and
Anthony Rex Gabbert, Judge

Appellant John William McNeal ("McNeal") appeals from the dismissal of his Dissolution of Marriage Petition ("Petition") filed with the Circuit Court of Jackson County, Missouri.  McNeal alleges that the court violated McNeal's constitutional rights and was manifestly unjust in dismissing his Petition and failing to grant accommodation to McNeal to allow his appearance before the trial court due to his incarceration. Because the dismissal is not a final judgment, we do not have jurisdiction to hear McNeal's claims.  This appeal is dismissed.

## Procedural and Factual Background[1]

McNeal is an inmate confined to the Jefferson City Correctional Center. In 2006, while in prison, McNeal married Sylvia Sydnor ("McNeal-Sydnor").

Prior to his confinement, McNeal lost his hearing while serving in the armed forces. According to his Petition, he receives 2,800 dollars per month in disability from the Veterans Affairs Administration. McNeal-Sydnor has received all of McNeal's disability checks during the time of the marriage and has failed to deposit any monies into McNeal's prison account. Following the marriage, McNeal-Sydnor failed to visit or contact McNeal.

After more than six years of marriage with no contact from his wife, McNeal filed his Petition on April 25, 2012, alleging abandonment and theft of his disability checks. In his original filings, McNeal made clear to the court that he had a permanent hearing disability and needed an interpreter to verbally communicate.

McNeal-Sydnor was served with a summons on August 14, 2012, but filed no answer. On October 16, 2012, an Uncontested Dissolution Hearing was held, at which time McNeal-Sydnor appeared by attorney and stated that she would be contesting the dissolution and sought leave to file an answer out of time. Leave was granted; the answer was filed the same day. The court rescheduled the hearing for December 2012.

On October 24, 2012, McNeal filed a set of Requests for Admissions which were served on Respondent's counsel. No answer was filed to those requests. On that same

---

[1] As this appeal is from the grant of a Motion to Dismiss, we review the facts as alleged in the Petition. Some facts as to how the case progressed following it filing with the court are taken from the docket sheet and filings before the trial court.

2

date, McNeal filed a motion requesting both appointment of counsel and the appointment of an interpreter. Receiving no response, he filed an additional motion for appointment of an interpreter on November 9, 2012. No oppositions to these motions were filed and no rulings were given on these motions by the trial court. Sixteenth Circuit local court rule 33.5 does not require a party to notice-up a motion for hearing before the court, particularly if the motion is unopposed.

On December 19, 2012, a hearing on the Petition was again held but, because the case was now contested, the court transferred the case to the contested dissolution docket.

At some point, McNeal was able to retain private counsel to represent him but, in September of 2013, McNeal was notified by the Missouri Bar that his attorney had been disbarred. This attorney never entered an appearance in the case or filed any motions. In January of 2014, McNeal filed a number of motions and notices with the court, including a Motion for *Writ of Habeas Corpus Ad Testificandum*, requesting the court to order his appearance at a hearing on his Petition and for a hearing device to be provided for him to accommodate his disability.

On January 21, 2014, the case was set for a management conference. On February 3, 2014, the court denied McNeal's request for a *writ of habeas corpus ad testificandum*. On February 6, 2014, McNeal filed correspondence again informing the court that he was hearing impaired and incarcerated; he requested accommodations to be allowed to appear by telephone, video conference (explicitly stating that the prison had the equipment available for him to do so), or deposition. On February 24, 2014, McNeal

3

reiterated his request in writing.  On March 5, 2014, McNeal filed a Motion for Leave to Appear by Deposition.  The court did not rule on any of McNeal's motions or requests.

The case management conference was held on March 24, 2014.  McNeal-Sydnor appeared through her attorney.  Having no accommodations made by the court for his appearance or his hearing disability, McNeal did not appear.  At this time, the court scheduled an additional case management conference for May 19, 2014.

Following the May case management conference, McNeal-Sydnor filed a proposed order of dismissal on May 21.  No written motion to dismiss was ever filed and there is no docket entry showing an oral motion was made at the conference with the court.  On May 30, 2014, the court signed an Order of Dismissal stating that the court "[h]aving reviewed the file, and being otherwise fully informed in the premises" ordered the case dismissed.  The Order of Dismissal, which was submitted by counsel, was not denominated a judgment.  On May 12, 2015, McNeal requested that the trial court properly denominate the Order as a Judgment so that he could prosecute his appeal.  On May 19, 2015 the trial court signed the Amended Judgment of Dismissal, which was filed June 11, 2015 ("Judgment").  The Judgment does not indicate on what grounds it was granted or whether it was with or without prejudice, so we presume that it was without prejudice.[2]

---

[2] "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03.  All rule references are to Missouri Supreme Court Rules (2016) unless otherwise noted.

4

McNeal initially appealed the trial court's dismissal to the Missouri Supreme Court, challenging the constitutional validity of sections 544.275[3] and 491.230 of the Missouri Revised Statutes. These two statutes grant trial courts discretion in determining whether a prisoner may appear in person at a civil trial to which he or she is a party. McNeal argued that, as applied to him, the statutes denied him due process under both the Missouri Constitution and the United States Constitution because the statutes denied him the ability to prosecute his Petition.

The Missouri Supreme Court found that McNeal had not presented a colorable claim that the statutes themselves were unconstitutional. *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194 (Mo. banc 2015). In a dissenting opinion, Judge Stith argued that, under the circumstances, the Supreme Court should retain jurisdiction to decide the case regardless of the constitutional questions. *Id.* at 199 (dissent). The majority ordered the case transferred to this Court. *Id.* at 196.

On appeal to this Court, McNeal raises two points of error. McNeal's first point on appeal alleges that his constitutional rights were violated and he was denied due process by having his Petition dismissed. In his second point, McNeal alleges that the court erred in granting McNeal-Sydnor's motion to dismiss because there exist material issues of fact that preclude dismissal.

### Standard of Review

"When we review the circuit court's granting of a motion to dismiss, we deem the facts that are properly pleaded to be true and draw all reasonable inferences that can be

_____

[3] All statutory references are to 2000 RSMo, as currently supplemented unless otherwise noted.

5

deduced from them fairly." *Ricketts v. Ricketts*, 113 S.W.3d 255, 257 (Mo. App. W.D. 2003). "We review the petition to determine whether it invokes principles of substantive law and whether the facts alleged, if proved, would entitle the plaintiff to relief." *Id.*

## Discussion

### I.

"A reviewing court has a duty to determine its jurisdiction *sua sponte*." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.01. Accordingly, "[t]he general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Harlow v. Harlow*, 302 S.W.3d 154, 155 (Mo. App. E.D. 2009). "In most instances, a dismissal without prejudice is not a final judgment because it is not an adjudication on the merits, and the plaintiff typically can cure the dismissal by filing another suit in the same court." *Id.* "An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." *K.M.J. v. M.A.J.*, 363 S.W.3d 172, 175 (Mo. App. E.D. 2012). "If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable." *Walters Bender Strohbehn & Vaughan, P.C. v. Mason*, 316 S.W.3d 475, 478 (Mo. App. W.D. 2010).

> [D]ismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, theories of estoppel, a plaintiff's lack of standing, failure of the petition to state a claim where the plaintiff chooses not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the

6

plaintiff's claims not being covered by the statute upon which the petition was based.

*Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo. App. E.D. 2000).

Whether this case falls under an exception to the general rule is dependent on *why* the case was dismissed. If the case was dismissed, as McNeal alleges, for failure to appear despite McNeal's requests to appear by alternative methods, the court effectively barred him from bringing his Petition in the form sought because he would forever be barred from bring obtaining a dissolution of his marriage while incarcerated. Under this circumstance, McNeal would likely be entitled to appeal. If, however, the action was dismissed by the court for some other reason relating to a deficiency in the Petition, the dismissal would not bar refiling of the action, and the judgment is not a final judgment from which McNeal may appeal.

As a preliminary matter, then, we must first determine on what basis the Petition was dismissed to determine the jurisdiction of this court. The only statement as to why the Petition was dismissed comes from the Judgment which, in its entirety states:

> COMES NOW on this 19th day of May, 2014, this mater [sic] comes before the Court for hearing. Petitioner appears not. Respondent appears through counsel, Michaela Shelton.
>
> Having reviewed the file, and being otherwise fully informed in the premises this Court GRANTS Respondent's motion to dismiss.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED this case is hereby dismissed, with costs paid by Petitioner.

IT IS SO ORDERED

Ordinarily, when a court does not state a reason for a dismissal "we presume that dismissal was based on the grounds stated in each motion to dismiss and will affirm if

7

dismissal was appropriate on any ground supported by the motions." *Ricketts*, 113 S.W.3d at 257 (quoting *Duvall v. Lawrence*, 86 S.W.3d 74, 78 (Mo. App. E.D. 2002)). There is no motion to dismiss in this case upon which to rely. McNeal argues that his Petition was dismissed because he failed to be present for the case management conferences. This, he contends, would be unconstitutional because, as a prisoner, he was unable to be present without a court ordering his presence either in person or by some alternative means. By denying him all avenues to appear, the court effectively barred him from the courthouse. Dismissal for failure to be present at the case management conference is the basis for dismissal addressed by the Missouri Supreme Court in the dissenting opinion of *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194 at 197-199 (Mo. banc 2015).

Section 491.230.2(2) allows a trial court to issue a writ of *habeas corpus ad testificandum* ordering a person detained in a correctional facility who is a *party to a civil action* to be brought into court to testify *only* when the court finds "that the offender will be substantially and irreparably prejudiced by his failure to attend a trial on the merits in the civil proceeding." McNeal challenges the constitutionality of this statute because, as applied by the trial court, the court had discretion to prevent his appearance but then his case was dismissed for failure to appear--effectively preventing him from bringing his dissolution case. Section 491.230 permits a court to refuse to allow a prisoner to attend his own trial in person, but the converse is not true—the statute on its face does not make a discretionary refusal to allow him to appear, as the sole basis to dismiss a case. In fact, Missouri courts have specifically held that while a prisoner has no absolute right to

8

appear in person at the courthouse, neither is personal appearance required in every case. *State ex rel. Kittrell v. Carr*, 878 S.W.2d 859, 862-63 (Mo. App. E.D. 1994). In *Kittrell*, as in this case, an inmate of a Missouri correctional facility sought dissolution of his marriage. *Id.* at 860. The trial court dismissed the petition due to Kittrell's failure to appear in person. *Id.* The court in *Kittrell* reversed the dismissal of the dissolution claim and directed the trial court to allow the inmate to use alternative methods of providing the evidence necessary to obtain dissolution. *Id.* at 863. *But see*, *Lockhart v. Middleton*, 863 S.W.2d 367, 369 (Mo. App. W.D. 1993) (upholding default judgment against inmate defendant where inmate voluntarily dismissed his attorney and declined the opportunity to appear at trial by videotaped deposition).

But, here, if McNeal's argument as to the grounds for dismissal is correct, the statute was applied in a way that denied him access to the courts and due process for the purpose of dissolving his marriage. *Call v. Heard*, 925 S.W.2d 840, 846 (Mo. banc 1996), supports the conclusion that such an application of Missouri statutes may be unconstitutional. In construing section 491.230.2, *Call* held that the inmate was not entitled to "perfect access" to the courts but instead to "meaningful access." *Id.* at 846. The Supreme Court held that section 491.230 was not unconstitutional but so held only because Missouri law provided a prisoner with "significant alternatives to a prisoner's live presence at the courthouse…." *Id.* Such alternatives, it found, would be reasonable substitutes because they could be utilized without "the security and administrative concerns involved in transporting prisoners to and from courthouses...." *Id.* at 847. It was for this reason that this Court concluded that "[section] 491.230.2 does not deprive a

9

prisoner of meaningful access to the courts." *Id. Accord, Meadows v. Meadows*, 330 S.W.3d 798, 803-04 (Mo. App. S.D. 2011) (no due process violation when inmate did not contend he was not offered reasonable alternatives to personal appearance).

Yet, here, McNeal's multiple requests to use one of these alternatives were denied or ignored. He requested all of the following: (1)He moved to have a writ issued to bring him to court for trial; (2) he moved to be allowed to appear by two way interactive video from the prison; (3) he asked that his deposition be taken; (4) he asked that discovery be had; he filed a set of requests for admissions which were deemed admitted due to the failure of the Respondent to respond; and (5) he requested an interpreter be appointed due to his hearing impairment, to no avail. The Jackson County Circuit Court and the Jefferson City Correctional Center had available equipment to permit video-conferencing so that McNeal could have participated in the conferences or trial without the need for the court to transport a prisoner to the court or take the court to the prison. In his motion for *Writ of Habeas Corpus Ad Testificandum*, filed in January 2014, months prior to the pretrial hearing, McNeal stated that his prison had video facilities available for such purposes and requested that the trial court order the warden to bring him to the prison facility's video conference room as an alternative to his appearance in person. The trial court denied the motion entirely, including this alternative request to be permitted to attend by video conference.

Finally, section 544.275 provides:

When a person committed to the department of corrections is a defendant in a criminal or civil proceeding other than jury trials, or a plaintiff in a civil proceeding other than a jury trial, or the movant in a postconviction

10

> proceeding, such proceeding may in the discretion of the judge be heard within a correctional facility of the department of corrections.

This statute thereby provides yet another alternative mechanism, referred to in *Call,* that allows a prisoner to attend a hearing without the security concerns caused by transporting him or her to the court itself. *Call,* 925 S.W.2d at 846. It provides a means for the prisoner to appear before the trial court in a civil action without having to leave the prison. Of course, this may not be convenient for the court, witnesses, or opposing party, but the statute leaves the holding of a proceeding in the prison to the trial judge's discretion. But that discretion is limited to where and how to hold the hearing, not as to whether the prisoner shall be permitted to participate at all.[4]

Although on their faces sections 491.230 and 544.275 permit a prisoner alternative means to litigate civil actions, if McNeal is correct, in this case, they have been applied to allow the trial court to exercise its discretion to deny each of these available alternatives and then to dismiss the case for failure to appear. As applied, the result was the same as if none of these alternatives existed, for it meant that under the trial court's application of these statutes McNeal was precluded from appearing and then his case was dismissed for that very failure to appear.

If the Petition was indeed dismissed for failure to personally appear at a case management conference under these facts, this court could potentially exercise jurisdiction to hear the dismissal. The court's interpretation of the statutes would lead to

---

[4] The trial court also has discretion to continue a civil matter until the incarcerated party is released from prison, so the party can appear in person. However, in this case that was not an option as the McNeal is serving a life sentence.

11

a situation in which McNeal would be prevented from prosecuting his case while he was in prison because he is unable to personally appear without court intervention.

While failure to appear at the case management conferences is a potential basis for dismissal of the Petition, it is not, however, the only explanation. Where a court does not specify a reason for its holding, this court "will affirm if the holding is correct on any tenable basis." *Johnson v. Otey*, 299 S.W.3d 308, 310 (Mo. App. S.D. 2009). An equally plausible interpretation of the court's actions is a finding that the court dismissed the Petition on its own motion. It is appropriate for a trial court to fully review the petition as filed and make an initial determination of the validity of the claim before determining if and how an inmate should appear before the court. If the claim is frivolous, fails to state a claim, or is otherwise subject to dismissal by the court, the trial court may make that determination before deciding the issue of the inmate's appearance.

Section 452.310 sets forth the pleading requirements for a Petition for Dissolution of Marriage. A petition must set forth:

(1)     The residence of each party, including the county, and the length of residence of each party in this state and in the county of residence;

(2)     The date of the marriage and the place at which it is registered;

(3)     The date on which the parties separated;

(4)     The name, age, and address of each child, and the parent with whom each child has primarily resided for the sixty days immediately preceding the filing of the petition for dissolution of marriage or legal separation;

(5)     Whether the wife is pregnant;

(6)     The last four digits of the Social Security number of the petitioner, respondent and each child;

12

(7)     Any arrangements as to the custody and support of the children and the maintenance of each party; and

(8)     The relief sought.

Section 452.310.2(1)-(8).  McNeal's Petition is deficient in three ways.  He fails to state the counties in which he and McNeal-Sydnor reside.  He further fails to state the length of time either party has resided in Missouri.  He also fails to state whether McNeal-Sydnor is pregnant.  Under Rule 55.24, pleadings are construed as to do substantial justice.  While certainly these deficiencies in the Petition may appear minor, they affect both the jurisdiction of the trial court to hear the case and what, if any, issues must be addressed regarding child custody.[5]

Where a petition fails to meet the statutory requirements, the court is free on its own motion to dismiss the case for failure to state a claim.  *See Wright v. Dep't of Corrections*, 48 S.W.3d 662, 666 (Mo. App. W.D. 2001) ("A trial court may raise the issue of the sufficiency of a petition *sua sponte* because such defect is jurisdictional").  The court was free to dismiss the case, without prejudice, for failure to state a claim upon which relief could be granted.  Under these facts, it is particularly important for the trial court to determine if McNeal even had a proper case for the court's disposition before exercising its discretion to determine how an incarcerated inmate may be allowed to appear before the court to present that petition.  Because a finding of dismissal for failure

---

[5] We recognize that McNeal alleges that he and McNeal-Sydnor never consummated the marriage.  This does not, however, mean that McNeal-Sydnor could not be pregnant and issues of pregnancy--even a pregnancy where the marriage was not consummated--raise issues regarding paternity that must be considered and decided by the court.  *See* section 210.822.1(1) ("A man shall be presumed to be the natural father of a child if . . . [h]e and the child's natural mother are or have been married to each other and the child is born during the marriage . . . ."  While a rebuttable presumption, it must be supported by clear and convincing evidence.)

13

to state a claim resulted in a non-final judgment, this court has no jurisdiction upon which to hear an appeal. Therefore, we dismiss this appeal, and McNeal is free to refile his Petition after addressing any deficiencies in his pleadings.

## II.

McNeal's second point on appeal alleges that the trial court erred in granting McNeal-Sydnor's motion to dismiss because there exist disputed issues of material fact. Because of our holding above, we also do not have jurisdiction to hear this claim.

## Conclusion[6]

McNeal is correct that under these facts a court must allow a prisoner some avenue by which to participate in this civil dissolution case. In this case, however, we cannot say that the court dismissed the Petition for failure to appear. Instead, it is entirely plausible that court dismissed on its own motion finding that McNeal's Petition was deficient. Under this scenario, this Court does not have jurisdiction to hear the appeal. As such, we must dismiss the appeal.

_____
Gary D. Witt, Judge

All concur

---

[6] McNeal's brief also raises arguments appearing to challenge the MIRA system, the appointment of trustees in Missouri, rules regarding the assistance of MDC law clerks, and other various claims. These issues were not raised in McNeal's points relied on nor is it clear the nature of McNeal's claims. "[I]ssues first raised in the argument portion of the brief and that are not encompassed by point relied on are not preserved for review on appeal." *Sullins v. Knierim*, 308 S.W.3d 241, 250 (Mo. App. E.D. 2010). As such, we have not and will not address these claims.

14