

## SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| JESSICA GOODMAN, SALINE COUNTY ASSESSOR, | ) | *Opinion issued November 5, 2024* |
| | ) | |
| Appellant, | ) | |
| | ) | No. SC100554 |
| v. | ) | |
| | ) | |
| SALINE COUNTY COMMISSION, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF SALINE COUNTY
### The Honorable Kelly A. Rose, Judge

Jessica Goodman, in her official capacity as Saline County Assessor, appeals from a judgment dismissing her petition against the Saline County Commission, the Saline County Commissioners, and the Saline County Collector (collectively, "the County"). Goodman filed her notice of appeal in the Missouri Court of Appeals, Western District, which found this Court had exclusive appellate jurisdiction and transferred the case here. Because this case involves no issue invoking this Court's exclusive appellate jurisdiction under article V, section 3 of the Missouri Constitution, this Court retransfers the case to the court of appeals.

**Factual Background and Procedural History**

Goodman filed a five-count lawsuit seeking, in part, a declaration concerning Saline County's correct classification as a county under chapter 48.[1]  Goodman alleged Saline County is a fourth-class county "operat[ing] under the laws of this state applying to [counties of] the second classification" under section 48.020.1.  Goodman contended, in the alternative, the circuit court should declare Saline County is properly classified as a third-class county under section 48.030 based on five successive years of assessed valuation amounts.  As relevant here, Goodman did not challenge the constitutional validity of any statute.

The County moved to dismiss Goodman's petition, asserting, in part, section 48.020.1 would not permit the circuit court to declare Saline County a third-class county because the following language exempts Saline County from the reclassification process regardless of any changes in assessed valuation over time:

> Classification 4.  All counties which have attained the second classification prior to August 13, 1988, and which would otherwise return to the third classification after August 13, 1988, because of changes in assessed valuation shall remain a county in the second classification and shall operate under the laws of this state applying to the second classification.

Sec. 48.020.1.[2]

---

[1] All statutory references are to RSMo 2016, and all rule references are to Missouri Court Rules (2023).

[2] The collector and the commission/commissioners filed separate motions to dismiss, but each advanced this argument.

In her suggestions in opposition to the motions to dismiss, Goodman asked the circuit court to reject the County's interpretation of section 48.020.1 for multiple reasons. In a sentence or two at the end of this argument, Goodman also argued the County's interpretation should be rejected because it "would run afoul of [s]ection 8, [a]rticle VI of the Missouri Constitution."[3] In a footnote, Goodman also argued that, to the extent the County's argument depended on a 1995 amendment to article VI, section 8, the 1995 amendment itself would violate the single-subject requirement found in article XII, section 2(b) of the Missouri Constitution. Goodman did not argue section 48.020.1 violates the Missouri Constitution and did not ask the circuit court to declare section 48.020.1 unconstitutional.

After a hearing, the circuit court sustained the motion and dismissed Goodman's petition.[4] Goodman appealed. The court of appeals transferred the case to this Court, concluding Goodman's argument opposing the motion to dismiss invoked this Court's exclusive appellate jurisdiction. The court of appeals did not reach the merits of Goodman's appeal.

---

[3] Article VI, section 8 of the Missouri Constitution provides, in relevant part: "The number of classes [of counties] shall not exceed four, and the organization and powers of each class shall be defined by general laws so that all counties within the same class shall possess the same powers and be subject to the same restrictions."

[4] The circuit court's judgment of dismissal did not specify the dismissal was with prejudice. Under Rule 67.03, "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." When a party elects to stand on the original pleadings, a dismissal without prejudice is considered a final judgment for purposes of appeal. *Mayes v. St. Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 265 (Mo. banc 2014).

## Standard of Review

"In all appeals, this Court is required to examine its jurisdiction *sua sponte*." *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 760 (Mo. banc 2019) (internal quotation omitted). This Court has exclusive appellate jurisdiction in all cases involving the validity of a statute of this state. Mo. Const. art. V, sec. 3. "This Court's exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue." *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194, 195 (Mo. banc 2015). "Instead, this Court's exclusive appellate jurisdiction is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied." *Id.* "The constitutional issue must be real and substantial, not merely colorable." *Id.*

## Analysis

For a case to involve the validity of a statute of this state (and, therefore, come within the Court's exclusive appellate jurisdiction under article V, section 3 of the Missouri Constitution), someone must have properly **raised** a claim that a statute is unconstitutional, properly **preserved** that claim in the circuit court, and properly **presented** that claim on appeal. *See Prosecuting Att'y, 21st Jud. Cir. ex rel. Williams v. State*, 696 S.W.3d 853, 868 (Mo. banc 2024).

> To properly raise a constitutional question, one must: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

4

*Id.* (internal quotation omitted).

Goodman never properly raised a claim that section 48.020.1 is invalid under the Missouri Constitution. "It is firmly established that a constitutional question must be presented at the earliest possible moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." *Id.* (internal quotation omitted). Goodman argued in her suggestions in opposition to the County's motion to dismiss that the circuit court should adopt her interpretation of section 48.020.1 and avoid the alternative interpretation offered by the County that she asserted would cause section 48.020.1 to "run afoul of [s]ection 8, [a]rticle VI of the Missouri Constitution[,]" rendering section 48.020.1 unconstitutional.[5] Arguments are

---

[5] In arguing the circuit court should avoid the County's interpretation of section 48.020.1, Goodman did not raise a constitutional avoidance argument. "The canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction; and the canon functions as *a means* of *choosing between them.*" *Clark v. Martinez*, 543 U.S. 371, 385 (2005). Goodman never asserted section 48.020.1 is ambiguous, and ambiguity is required to employ the canon of constitutional avoidance. "[T]he canon of constitutional avoidance has no application in the absence of statutory ambiguity." *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 494 (2001). Even had Goodman properly raised a constitutional avoidance argument, a constitutional avoidance argument does not result in a statute being declared unconstitutional because constitutional avoidance is a canon *avoiding* a declaration of constitutional invalidity. *See Clark*, 543 U.S. at 381 ("The canon is not a method of adjudicating constitutional questions by other means. Indeed, one of the canon's chief justifications is that it allows courts to *avoid* the decision of constitutional questions." (internal citations omitted)). If Goodman desired the circuit court declare section 48.020.1 unconstitutional if the circuit court adopted the County's interpretation, she had to allege the statute by its plain language—as interpreted by the County—is unconstitutional and seek a declaration to that effect, which did not happen here. Instead, it appears Goodman attempted to raise a constitutional avoidance argument. Such an argument, if properly raised, could be persuasive because Missouri recognizes the constitutional avoidance canon of construction. *See, e.g.*, *State ex rel. Parson v. Walker*, 690 S.W.3d 477, 485 (Mo. banc

5

not allegations, however, and suggestions are not pleadings. Because Goodman did not properly raise any claim that section 48.020.1 is invalid, this case cannot involve the validity of that statute so as to invoke this Court's exclusive appellate jurisdiction. As this Court noted in *McNeal*, "[w]hile Mr. McNeal raises potential constitutional issues regarding the trial court's interpretation of section[s] 491.230 and 544.275, Mr. McNeal does not raise a real and substantial constitutional challenge to the validity of either statute so as to invoke this Court's exclusive appellate jurisdiction." *McNeal*, 472 S.W.3d at 195.

In concluding this Court has exclusive appellate jurisdiction, the court of appeals heavily relied on *Boeving v. Kander*, 496 S.W.3d 498 (Mo. banc 2016). *Boeving*, however, differs from the present matter, in which Goodman's pleadings have no direct allegations of a statute's invalidity. In *Boeving*, the proponents of an initiative petition properly raised an alternate, contingent claim alleging the plain language of certain statutes in chapter 116 violated the constitutional right of initiative under article III, section 49 of the Missouri Constitution, but the circuit court decided the case on other grounds. *Id.* at 502-03. In *Boeving*, the Court held an alternate, contingent constitutional claim invokes this Court's exclusive appellate jurisdiction. *Id.* at 503-04.

Here, unlike in *Boeving*, Goodman sought relief under section 48.020.1 and did not allege section 48.020.1 is unconstitutional. She could have alleged section 48.020.1 is unconstitutional if—but only if—the circuit court adopted an interpretation other than

---

2024) ("This Court avoids interpreting a statute in a way that would call into question its constitutional validity." (internal quotation omitted)).

6

the one she offered. Had she made this allegation and satisfied the other requirements for properly raising a constitutional question, then this case likely would fall under the reasoning of *Boeving*. Because Goodman made no such allegation, however, she did not properly raise any constitutional claim invoking this Court's exclusive appellate jurisdiction.

The court of appeals correctly noted this Court has said "there can be no fixed rule as to when or how or at what stage of the proceedings the [constitutional] question should be raised in each case." *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 428 (Mo. banc 2016) (alteration in original) (internal quotation omitted).[6] While this is true, an allegation challenging the constitutional validity of a statute is required. Mo. Const. art. V, sec. 3. Goodman did nothing more than cite a constitutional provision when refuting the County's statutory interpretation argument in its motion to dismiss. At no point did she or any other party allege that section 48.020.1 or any other statute is unconstitutional facially or as applied and seek a declaration of constitutional invalidity.[7] Such an

---

[6] In *Dieser*, the allegation challenging the constitutional validity of a statute occurred when Dieser filed a post-trial motion titled "Plaintiff's Motion for Entry of Judgment Which Includes Post Judgment Interest." 498 S.W.3d at 427. Dieser alleged he was entitled to post-judgment interest under section 408.040.1 and asserted, for the first time, section 538.300's restriction on post-judgment interest violated his constitutional rights to equal protection, open courts, and a trial by jury. *Id.* The Court rejected St. Anthony's argument that Dieser had to raise his constitutional challenges in a reply to St. Anthony's answer, concluding section 538.300 was not an affirmative defense and was not properly pleaded if it could be construed as an affirmative defense. *Id.* at 428-29.

[7] In *Mayes*, the Court concluded plaintiffs failed to preserve their constitutional claim for review. 430 S.W.3d at 269. Plaintiffs in their petition raised "Constitutional Objections," but those "Objections" failed to state the facts showing the constitutional violation. *Id.* at 266-67. Plaintiffs then failed to raise any constitutional challenge in

7

allegation is required to invoke this Court's exclusive appellate jurisdiction related to the validity of a state statute.[8]

Article V, section 11 of the Missouri Constitution applies when this Court lacks jurisdiction over an appeal: "In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction." The court of appeals has "general appellate jurisdiction in all cases except those within the exclusive jurisdiction" of this Court. Mo. Const. art. V, sec. 3. Because this appeal arises from a judgment

---

response to defendants' motion to dismiss. *Id.* at 267. The Court noted: "[T]he occasion for the plaintiffs' desired ruling regarding the constitutional validity of section 538.225 first appeared when the trial court was ruling on defendants' motion to dismiss pursuant to section 538.225." *Id.* at 267-68. Even assuming Goodman's first opportunity to raise her constitutional claim was in response to the County's motion to dismiss and not in her petition, her argument in her suggestions in opposition did not raise and preserve any constitutional challenge. She never filed any pleading alleging section 48.020.1 as interpreted by the County is unconstitutional and asking the circuit court to declare section 48.020.1 unconstitutional if it adopted the County's argument.

[8] This Court requested the parties file suggestions concerning whether Rule 87.04 applies and, if so, whether they complied with it. Rule 87.04 states "the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard" when a statute is alleged to be unconstitutional. All parties indicated they had not contacted or served a copy of any pleading on the attorney general prior to receiving the Court's request for suggestions. Consistent with article V, section 3 of the Missouri Constitution, Rule 87.04 applies "if the statute … is alleged to be unconstitutional." Because neither Goodman nor any other party alleged section 48.020.1 is unconstitutional, notice to the attorney general pursuant to Rule 87.04 was not required. The circuit court would never be in the position of declaring any statute unconstitutional because neither Goodman nor any other party properly raised a constitutional claim and requested that relief.

entered in Saline County, this appeal is retransferred to the Missouri Court of Appeals, Western District.

## Conclusion

This Court retransfers Goodman's appeal to the Missouri Court of Appeals, Western District.

_____

Ginger K. Gooch, Judge

All concur.